GOTTLIEB F. WISSMANN AND MARY WISSMANN, HIS WIFE, (PLAINTIFFS) APPELLANTS, v. DAVE PEARLINE AND DORA PEARLINE, HIS WIFE, (DEFENDANTS), RESPONDENTS.—135 S. W. (2d) 1.

St. Louis Court of Appeals. Opinion filed Jan. 9, 1940.

*Heideman & Heideman* for appellants.

316

*Julius L. Block* and *Cecil Block* for respondents.

McCULLEN, J.—This suit was brought by appellants, as plaintiffs, to recover from respondents, as defendants, a balance alleged to be due after the foreclosure of a deed of trust securing the payment of a negotiable promissory note and interest. A trial before the court and a jury resulted in a verdict and judgment in favor of de-·fendants. After an unavailing motion for a new trial, plaintiffs duly appealed to this court.

The petition of plaintiffs alleges that they are husband and wife, and that defendants are also husband and wife; that, on January 25, 1927, defendants became the owners of a certain piece of real estate situated in the City of St. Louis, Missouri, which was then encumbered by a duly recorded deed of trust securing the payment of a negotiable promissory note in the sum of $3000, dated January 14, 1924, payable to the order of Mildred M. Collins on January 20, 1927, with interest thereon from maturity at eight per cent. per annum; that payment of said note was extended from time to time by the holder thereof until January 20, 1936, and that said note was endorsed in blank by said Mildred M. Collins and delivered to plaintiffs, who are now legal holders and owners thereof; that, on January 25, 1927, defendants, in the purchase of said real estate, assumed said deed of trust and agreed to pay said note of $3000 as a part of the purchase price and consideration for said real estate, and as a consideration for the extension of the payment of said note on January 13, 1933 for an additional period of three years from and after January 20, 1933.

The petition of plaintiffs further states that defendants defaulted in the payment of said note and the interest accrued thereon; that said deed of trust was foreclosed on January 2, 1936 to satisfy said indebtedness; that the accrued interest on said note on January 2, 1936 and the costs of the foreclosure sale aggregate $147, making a total of $3147 due plaintiffs on said note; that the real estate described in said deed of trust was sold at said sale for the sum of $1500, which was applied as a credit on the note and costs of sale, leaving a balance of $1647 still due and unpaid. Plaintiffs prayed judgment for. $1647 with interest thereon from January 2, 1936, at the rate of eight per cent. per annum.

Plaintiffs filed with their petition a verified copy of the above mentioned note.

The answer of defendants, after a part thereof had been stricken out by the trial court, was a general denial.

It appears from the evidence that defendants, who are husband and wife, purchased the real estate from Abram Spivack and Fruna Spivack, his wife, on January 25, 1927. The property at that time was encumbered by a duly recorded deed of trust securing payment

of a negotiable promissory note for $3000, dated January 14, 1924, which had been executed by Abram Spivack and Fruma Spivack, his wife, being payable to Mildred M. Collins on January 27, 1927, with interest from maturity at the rate of eight per cent. per annum. Said deed of trust is dated January 14, 1924, the same date as the note, Harry Kaplan being named therein as trustee for Mildred M. Collins. It is conceded that there was a default followed by a foreclosure sale of the property under said deed of trust, and that the amount realized at the sale as well as the cost of the sale and the balance remaining due, after allowing all credits on the note, were as alleged in plaintiffs' petition. The property was bought in at said sale by plaintiffs.

Plaintiffs introduced in evidence the note showing on the back thereof the extensions of payment. They also introduced in evidence the warranty deed executed by Abram Spivack and Fruma Spivack, the original makers of the note. It is stated in said deed:

"This conveyance being made subject to a deed of trust, of record in Book 3904, on page 521, securing a principal note for the sum of Three Thousand Dollars, which bears 6% interest per annum, payable semi-annually, and extended to mature January 20, 1930, which said parties of the second part assume and agree to pay in part purchase price for above described property."

The parties of the second part referred to in the above-quoted part of the warranty deed are the defendants herein.

Plaintiffs also introduced in evidence their Exhibits "F" and "G," which are agreements signed by defendants wherein the time for payment of the note was extended. In Exhibit G, dated January 16, 1933, extending the time for payment to January 21, 1936, it is stated that defendants, in consideration of such extension, do assume the mortgage deed of trust and agree to pay the $3000 note.

The evidence shows that, when plaintiffs purchased the note and deed of trust in 1927, the transaction was handled for them by Mr. Charles L. Weber, who was also the agent for defendants in the original purchase of the property by defendants from the Spivacks. Weber also made the arrangements for the extensions of time for the payment of the note.

The controversy between the parties revolves around the charge in plaintiffs' petition that defendants, in purchasing the property on January 25, 1927 from the Spivacks, assumed the deed of trust which then encumbered it, and agreed to pay the $3000 note as a part of the purchase price and consideration for said real estate and as a consideration for an extension of the payment of the note on January 16, 1933 for an additional period of three years from and after January 20, 1933. As to these points the evidence on behalf of defendants was to the effect that they could not read English and had no knowledge of the assumption clause in the warranty deed, and had no knowledge of the extension of time for payment of the note

whereby they are alleged to have assumed the payment of said note. Defendants' evidence further tended to show that defendants did not agree to assume payment of the note, and that they had no intention of entering into any such agreement. The evidence for plaintiffs was directly and contrary to that of defendants, and tended to show that defendants did know of the assumption clause in the deed of trust and did agree to pay the $3000 note.

Plaintiffs contend that the evidence, both documentary and oral, establishes as a matter of law that defendants assumed the deed of trust and agreed to pay the $3000 note as a part of the purchase price of the real estate when they purchased it from Abram and Fruma Spivack; and that the trial court erred in refusing to give and read to the jury at the close of the whole case their requested instruction to the jury directing a verdict in favor of plaintiffs and against defendants in the sum sued for.

The record shows that plaintiffs did not stand on their requested instruction for a directed verdict in their favor, but asked the court to give an instruction submitting the case to the jury on the merits, accordance with their theory and involving the points which plaintiffs now assert should not have been submitted to the jury. The trial court gave plaintiffs' requested instruction and told the jury therein, among other things, that, if they found and believed from the evidence that "in the purchase of said real estate by defendants  .  .  . defendants agreed that they (defendants) would, and actually did assume said deed of trust and agreed to pay said note of $3000 as a part of the purchase price and consideration for said real estate and for an extension of the payment of said note to January 20, 1930, and you further find that the payment of said note was thereafter, at the request of the defendants, extended from time to time, until January 20, 1936,  .  .  .;" and further told the jury in said instruction that, if they further found the other facts hypothesized therein, then the verdict should be for plaintiffs. It will thus be seen that plaintiffs abandoned their requested instruction in the nature of a demurrer to the evidence, and submitted to the jury the determination of the issue as to whether or not defendants agreed to assume the deed of trust and to pay the note.

By offering and having the court give in their behalf such an instruction, plaintiffs submitted their case to the jury on the merits of the issue involved and may not now be heard to complain that the court erred in refusing to give the peremptory instruction for a directed verdict in their favor. [John Deere Plow Co. v. Cooper, 230 Mo. App. 167, 174, 91 S. W. (2d) 145, 149; Fawkes v. Natl. Refining Co., 341 Mo. 630, 638, 108 S. W. (2d) 7, 11; Everhart v. Bryson, 244 Mo. 507, 149 S. W. 307; Gibbany v. Walker (Mo. App.), 121 S. W. (2d) 317, 321; Thomas v. Boatright, 211 Mo. App. 413, 245 S. W. 211; Farmers State Bank v. Miller (Mo. App.), 26 S. W. (2d) 863, 864;

La Monte Bank v. Crawford (Mo. App.), 27 S. W. (2d) 762.] The matter of determining the weight of the evidence and the credibility of the witnesses was for the jury, and the jury having found for defendants on conflicting evidence, this court has no authority to interfere on the ground mentioned.

A further contention of plaintiffs is that the trial court erred in permitting defendants, over plaintiffs' objections, to introduce defendant Dave Pearline's testimony to the effect that he was unable to read or write, and that said agreements and warranty deed were never read to him; that, if he had known that said agreements and warranty deed contained the provision that he assumed the deed of trust and payment of the note as part of the purchase price of the real estate, he would not have signed said agreements and would not have accepted the warranty deed; that he signed said agreements because Mr. Weber told him to do so, and that he relied solely on his belief that Mr. Weber would treat him right. In this connection, plaintiffs point out that said defendant admitted signing the extension blanks, and admitted he had recorded the warranty deed and had it in his possession since January 25, 1927.

Plaintiffs argue that defendants could not attack the conclusiveness of or impair the force or effect of the recitals in said agreements, and that the terms and conditions thereof could not be altered by oral testimony; that, under the pleadings in the case, there being no charge that plaintiffs practiced fraud or deception on defendants, and that defendants having pleaded only a general denial, they are bound by the recitals in the deed and extension agreements and that no oral evidence was admissible to show that such agreement in fact was not made.

It is true that under a general denial defendants were limited to show that the ultimate facts alleged in plaintiffs' petition were not true, but we think the oral evidence complained of was admissible, not to vary the terms of the written instruments but to show that defendants never agreed to assume the deed of trust and pay the note, as alleged by plaintiffs. Such evidence went to show that an essential element of plaintiffs' alleged cause of action was untrue. It was therefore admissible under the general denial. [Smith v. St. Louis Pub. Serv. Co. (Mo. App.), 84 S. W. (2d) 161; Bolton v. Missouri Pacific R. Co., 172 Mo. 92, 102, 72 S. W. 530, 532.] It will be noted that plaintiffs' petition does not base their cause of action upon a written agreement. Their petition merely alleges that, on January 25, 1927, defendants agreed to assume a deed of trust and to pay a note of $3000 as part purchase price for the real estate mentioned. It must be remembered that plaintiffs in this case were not and are not parties to the warranty deed, and were not and are not parties to the extension agreements. Therefore, the rule, which makes inadmissible parol evidence to alter or contradict the terms of a written

instrument, does not apply in plaintiffs' favor and cannot be invoked by them to exclude the evidence which they complain of. [Slinkard v. Lamb Const. Co., 286 Mo. 623, 225 S. W. 352; Berry v. Royster (Mo. App.), 232 S. W. 477.]

In Empire Trust Co. v. Hitchcock (Mo. App.), 123 S. W. (2d) 565, which was an action for a deficiency judgment after a mortgage foreclosure sale of realty, it was held that an allegation that defendants, by a warranty deed, had assumed and agreed to pay the mortgage debt, was put in issue by the defendants' general denial, and that a clause in the deed reciting that the grantee "assumes and agrees to pay" an outstanding mortgage debt may be disproved by oral evidence, and that, notwithstanding recitals in the deed, the question whether the defendants actually did assume and agree to pay the mortgage debt was for the jury under the evidence. We rule this point against plaintiffs.

Plaintiffs complain that defendants' instructions No. 2 and No. 3 were erroneous. Instruction No. 2 told the jury that the burden was on plaintiffs to prove their case to the jury's reasonable satisfaction by the greater weight or preponderance of the credible evidence; that, if plaintiffs failed so to prove their case, they were not entitled to recover and the verdict must be in favor of defendants. Plaintiffs' complaint against said instruction is based upon their view that their instruction requesting a directed verdict in their favor should have been given. We have already ruled adversely to plaintiffs on this point.

Defendants' Instruction No. 3 told the jury that, if they found and believed from the evidence that defendants did not knowingly agree to assume and pay the deed of trust at the time they purchased the property and executed the extension agreements, then plaintiffs cannot recover and the verdict must be for defendants. The complaint against this instruction is also based upon plaintiffs' theory that the court should have given their requested peremptory instruction directing a verdict in their favor. Plaintiffs argue that the instruction was predicated upon the testimony of defendant David Pearline, which, as plaintiffs contend, was improperly admitted over their objections. Our ruling that such evidence was competent and admissible and that the court did not err in overruling plaintiffs' request for a directed verdict in their favor necessarily disposes of this contention of plaintiffs. Instruction No. 3 given for defendants was the converse of plaintiffs' instruction submitting their theory of the case to the jury on the merits.

In Empire Trust Co. v. Hitchcock (Mo. App.), 123 S. W. (2d) 565, it was charged, as in the case at bar, that the purchaser of property assumed and agreed to pay an outstanding mortgage debt, and it was held therein that it must be shown that the minds of the vendor and the purchaser met on the subject, or that the purchaser

was estopped from denying the existence of such an agreement. There is nothing in the record in the case at bar to show that defendants were estopped to deny the existence of the agreement alleged by plaintiffs. The issue to be determined was whether or not defendants agreed to assume the deed of trust and to pay the note. The instruction complained of simply told the jury that, if there was no agreement by defendants to assume such payment, then defendants were not liable. The question was whether or not defendants had knowledge of the assumption clause in the deed of trust and in the extension agreements, and, with such knowledge, accepted the deed and signed the agreements. It was, therefore, proper for the court to require the jury to find as a prerequisite to a verdict for plaintiffs that defendants "knowingly" agreed to assume the deed of trust and pay the note.

It has been held that, to hold a grantee liable for a deficiency following a foreclosure of a mortgage, there must be evidence that the grantee or his agent assented to the mortgage assumption clause in the deed; and that, where the grantee's assent to the assumption clause is an issue, the mere recital in the deed that the grantee assumed and agreed to pay the mortgage debt, or the mere acceptance and recording of the deed by the purchaser is not sufficient evidence of such assent. [LaMonte Bank v. Crawford (Mo. App.), 27 S. W. (2d) 762.] We find no reversible error in the instructions complained of.

Plaintiffs complain that the court erred in admitting evidence on behalf of defendants to show the actual value of the property at the time of the foreclosure sale. It is true a number of questions were directed by counsel for defendants toward showing the value of the property at the time the note was purchased by plaintiffs, but there was no evidence actually introduced by defendants as to the value of the property at the time of the foreclosure sale. However, the question as to the value of the property, either at the time of the foreclosure sale or at the time the note was purchased by plaintiffs, was not submitted to the jury in the instructions given. As heretofore stated, the only issue submitted to the jury in the instructions given was whether or not defendants agreed to assume the deed of trust and pay the note. It has been held that, where evidence has been improperly admitted on issues not submitted to the jury for their determination, such improperly admitted evidence does not constitute reversible error. [Sanders v. North End Building & Loan Assn., 178 Mo. 674, 77 S. W. 833; Kennedy v. Laclede Gas Light Co., 215 Mo. 688, 115 S. W. 407; State Bank of Sarcoxie v. Harp (Mo. App.), 282 S. W. 737.] In the situation presented on this point in the case at bar, we do not believe that the trial court committed any error materially affecting the merits of the action, and therefore must hold against plaintiffs on this point. [Section 1062, Revised Statutes Missouri 1929 (Mo. Stat. Ann., sec. 1062, p. 1352).]

Defendants assert that in any event the judgment was for the right party because this suit was prematurely brought; that the extended date for the maturity of the note was January 20, 1936, whereas the suit was filed January 13, 1936, at which time plaintiffs had no cause of action. The question of a premature suit, to be available to defendants, should have been specifically presented by a plea in abatement. A mere general denial is not sufficient. A plea in abatement is in the nature of an affirmative defense and must be specially pleaded. While the date of the maturity of the note appears on the face of the petition, the date of the filing of the petition does not so appear. Hence it cannot be said that it appears from the face of the petition itself that the suit was prematurely filed. Defendants filed no plea in abatement and offered no objection on any ground to the introduction of testimony, but went to trial on the merits. The defense of premature suit cannot now, on this record, be raised by defendants. [Young v. Metropolitan Life Ins. Co., 229 Mo. App. 823, 833, 834, 84 S. W. (2d) 1065, 1071; State ex rel. Metropolitan Life Ins. Co. v. Allen, 339 Mo. 1156, 1160, 1161, 100 S. W. (2d) 487, 488, 489; Young v. Pennsylvania Fire Ins. Co., 269 Mo. 1, 12, 187 S. W. 856, 858.] However, on what we have said on the merits, the judgment for defendants must be and is affirmed.

*Becker, J.,* concurs; *Hughes, P. J.,* not sitting because not a member of the Court when case was submitted.