**Carolyn MISSEY and Kenneth W. Missey, her husband, Plaintiffs-Respondents,**

**v.**

**Diane Sarah KWAN, Defendant-Appellant.**

**No. 41002.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 26, 1980.

Geoffrey L. Pratte, Raymond R. Roberts, Farmington, for defendant-appellant.

Robert J. Robinson, Kurt D. Breeze, Festus, for plaintiffs-respondents.

DOWD, Presiding Judge.

This is an appeal by Diane Sarah Kwan, defendant in the trial court, from a jury verdict of $7,500 in damages resulting from injuries sustained by Carolyn Missey. The evidence presented in this case indicated that the defendant was driving her car south on Highway 21; the plaintiffs Carolyn and Kenneth Missey and their daughter were traveling north on Highway 21. Driving conditions were hazardous, the road being wet and near the freezing point. As both vehicles approached a hill, plaintiffs, going up hill and defendant, coming down hill, defendant lost control of her car when the front wheels hit ice in her lane. Defendant's automobile struck the south shoulder along the highway, rebounding into the plaintiff's vehicle.

After the collision, Carolyn Missey was examined by various physicians in regard to injuries allegedly received in the collision. X-rays were taken of plaintiff but the results were negative. The only physician to treat plaintiff was Dr. Holyoke, a chiropractor who diagnosed plaintiff's condition as scoliosis of the lower spine. The jury made no award to plaintiff's husband, but awarded plaintiff, Carolyn Missey, $7,500 for her injuries. It is from that verdict that defendant, Diane Kwan, now appeals raising four points of error.

Defendant's first point is that the trial court erred in failing to instruct the jury to disregard defense counsel's unfinished remark made during voir dire that "if your case were on trial here today as is the case with my client—". At that point objection was heard and sustained. Defend-ant argues that this remark was an impermissible request of the jury to put themselves in the plaintiff's shoes, or, in other words, to exercise the Golden Rule.

We disagree. It is possible that if counsel had completed his remark it may have resulted in an invocation of the Golden Rule. As it appears in the record, however, this unfinished sentence is not a request of the jury by counsel to place themselves in his client's position. *Fisher v. Williams*, 327 S.W.2d 256, 264 (Mo.1969). Regardless of how this remark is characterized, it was made early in the proceeding and any harm done was minimized by opposing counsel's prompt objection. By sustaining the objection the court disapproved counsel's statement thereby preventing any further comment in this same vein. *Cf., Carrel v. Wilkerson*, 507 S.W.2d 82, 85 (Mo.App.1974). (Tacit approval of argument evidenced by court's refusal to sustain an objection thereto).

The trial court is vested with broad discretion in the control of counsel's conduct during voir dire and his ruling thereon will not be disturbed unless the facts indicate a manifest abuse of discretion. *Hill v. Boling*, 523 S.W.2d 867, 873 (Mo.App.1975). The remedial action taken by the court here was sufficient to alleviate any possible prejudicial effect on the jury and we, therefore, find no abuse in the trial court's discretion in refusing to grant a mistrial or to instruct the jury to disregard the comment.

Point One is ruled against defendant.

Defendant's second point of error is that the trial court erred in admitting into evidence Officer Mueller's testimony relating to the speed of the plaintiff's and defendant's vehicles at the time of impact. In the officer's opinion, which was based on the parties' statements and the condition of the vehicles after impact, plaintiff's vehicle was traveling 40 to 45 miles an hour. This testimony was admitted over defense counsel's objection that the officer's testimony was speculative because he was not an eyewitness to the collision. Defendant more properly asserted in her motion for new

trial that the plaintiff failed to lay a foundation which would have qualified Officer Mueller to testify to the speed of the parties' automobiles upon impact. It is apparent from her brief on appeal that defendant's "no foundation" complaint is directed not at Officer Mueller's personal qualifications but is directed at the lack of factual bases for his opinion. The facts sufficient to support an expert's opinion must be substantial and have probative force. *Meier v. Moreland,* 406 S.W.2d 97, 101 (Mo.1966). Officer Mueller stated that his opinion was based upon the condition of the vehicles after impact and upon what the parties told him.[1] Neither of these factual bases are substantive nor do they have probative force. It has been sufficiently demonstrated that estimates of speed may be fairly accurate and, therefore, admissible when they are the result of measuring the length of skid marks. *Dillenschnieder v. Campbell,* 350 S.W.2d 260, 267 (Mo.App.1961). The rationale here is that speed estimated by the length of skid marks is a mathematical corollary of the distance within which an automobile can be stopped when traveling a certain speed. The capability of being accurately computed is the factor which lends probative force to estimates of speed based upon length of the skid marks. Such is not the case with estimates of speed based on conditions of the vehicles after impact. This estimate cannot be the result of mathematical computation and consequently lacks sufficient probative force to constitute competent evidence of rate of speed.[2] Nor are the statements of the parties a sufficiently probative factual basis upon which the officer could have based his opinion due to the circumstances under which they were made and their tendency to naturally be self serving. Accordingly, we believe the officer's opinion as to speed was erroneously admitted.

█ Despite this error the admission of such testimony could not have caused any prejudice in the minds of the jurors against the defendant. The officer stated that he estimated the speeds upon impact of *both* plaintiff's and defendant's vehicles to be greater than the parties had estimated.[3] There is nothing in the record to indicate that the jury weighed the officer's opinion of the defendant's speed more heavily than they weighed his opinion of the plaintiff's speed. Further, as this evidence was admitted on the question of speed, an issue which was not submitted to the jury, the admission, though erroneous, did not constitute prejudicial, and therefore reversible error. *Holtmeyer v. Scherer,* 546 S.W.2d 29, 34–35, n. 5 (Mo.App.1976); *Wissman v. Pearline,* 235 Mo.App. 314, 135 S.W.2d 1, 6 (1940).

Defendant's second point is ruled against her.

Defendant's third point relied on is that the trial court erred in overruling defense counsel's objection to plaintiff's comment in final argument that "[w]e don't have the money to go out and take a videotape of every doctor—". At this point defense counsel objected to this alleged appeal to poverty by plaintiff but the objection was overruled. Plaintiff's attorney then continued to explain to the jury the high cost of videotaped testimony. It is plaintiff's con-

---

1. Opinions as to rate of speed based solely upon the condition of the vehicles after impact are excluded in a majority of jurisdictions as being too speculative. *See,* Annot., 93 A.L. R.2d 288 (1964); Annot., 133 A.L.R. 726 (1941). There are no Missouri cases directly on point with the facts as presented in the instant case. The *Meier* case is similar to our case but that Court gives us little guidance as the propriety of the officer's testimony in the absence of a factual basis for his opinion was not a specific point raised on appeal.

2. Similarly, Missouri Courts have held estimates as to the point of impact based on the location of debris to be inadmissible. *Chester v. Schockley,* 304 S.W.2d 831, 834 (Mo.1957); *Penn v. Hartman,* 525 S.W.2d 773, 778 (Mo. App.1975).

3. Officer Mueller estimated the plaintiff's speed upon impact to be between 35 and 40 miles per hour and estimated defendant's speed upon impact to be approximately 40 to 45 miles per hour. Plaintiff testified that prior to impact he had slowed his vehicle to 5 to 10 miles per hour and defendant stated that she was traveling at 30 miles per hour prior to impact.

tention on appeal that his counsel's comment was properly retaliatory to defense counsel's remarks made during final argument that the reason plaintiff did not call certain doctors as witnesses was that their testimony would have been unsupportive of plaintiff's claims. Plaintiff contends that the rule which allows a party to create an adverse inference in the minds of the jury by commenting on the failure of an opponent to call his physicians to testify in a personal injury case is not applicable to the facts in this case for the reason that Dr. Bonifacio did not treat the plaintiff for injuries sustained as a result of the collision and Dr. Bean's testimony would have been cumulative of his examination report which was admitted into evidence by plaintiff.

■ Generally, a party may properly comment on an opponent's failure to call her treating and examining physicians as witnesses in a personal injury case. *Stotler v. Bollinger*, 501 S.W.2d 558, 561 (Mo.App. 1973). A party is not obliged, however, to call as witnesses, every doctor who has seen her after an incident which gives rise to alleged injuries to avoid an adverse inference. An adverse inference may only logically arise in this case where there is evidence that the doctors whom plaintiff failed to call had knowledge or opinions relating to the claims about which they should have been called to testify. *Gridley v. Johnson*, 476 S.W.2d 475, 479 (Mo.1972).

■ The record indicates that Dr. Bonifacio was not a treating physician and that defense counsel stipulated to that fact. A comment by defense counsel on plaintiff's failure to call Dr. Bonifacio still may have been proper if this doctor had examined plaintiff in connection with her alleged injures, but the record indicates that he did not. We find, therefore, that defense counsel's comment on the plaintiff's failure to call Dr. Bonifacio was improper.

■ Dr. Bean, on the contrary, examined the plaintiff in connection with the injuries allegedly sustained in the collision. Despite this fact any comment by defense counsel on plaintiff's failure to call Dr.

Bean was improper because the facts indicate that his testimony could not have shed any light on his medical report which was admitted into evidence in its entirety by plaintiff without objection nor do the facts indicate that Dr. Bean had knowledge of the injuries superior to that of witnesses who did testify. *See, Russell v. St. Louis Public Service Co.*, 251 S.W.2d 595, 599 (Mo. 1952); *Labor Discount Center, Inc.*, 526 S.W.2d 407, 426 (Mo.App.1975). Dr. Bean examined the plaintiff by means of x-rays two days after the collision. The results of the x-rays were negative, meaning that the areas shown were in the normal range. Dr. Bean did not treat the plaintiff on that occasion nor did he see her subsequently. Had the report revealed an abnormality the doctor's testimony would have perhaps been valuable to further explain or illustrate the abnormality found and treatments given, however, the circumstances here indicate that Dr. Bean's testimony would have been merely repetitious of his report. *Cf., Lineberry v. Robinett*, 446 S.W.2d 481, 485 (Mo. App.1969) (plaintiff unable to avoid adverse inference; doctors were treating doctors and testimony would not have been cumulative of their reports). In the interest of judicial economy we will not require the plaintiff to perform a fruitless act to avoid an adverse inference. Comment by defense counsel of plaintiff's failure to call Dr. Bean was improper and as such warranted any reasonable retort by plaintiff's attorney. *See, Contestible v. Brookshire*, 355 S.W.2d 36, 44 (Mo.1962).

■ Counsel's comment here was not a reference to plaintiff's poverty as such but was offered as an explanation for plaintiff's failure to call as witnesses certain of her physicians. *See, Pyles v. St. Louis Public Service Co.*, 372 S.W.2d 114, 116 (Mo.1963). Even if plaintiff's comment could be construed as an appeal to the jury's sympathy, and we do not believe it can be so construed, it was a reasonable retort to defense counsel's initial improper comments and there was no error committed by the trial court in overruling an objection to the retort. The point is without merit.

Defendant's fourth and final point asserts that the trial court erred in not granting a mistrial after the fact that defendant was insured was twice made known to the jury during cross examination. As with references to poverty, the fact that either party is insured is usually irrelevant to a determination of the rights and liabilities of the parties. *See, Stafford v. Far-Go Van Lines*, 485 S.W.2d 481, 493 (Mo.App.1972). Introduction of such irrelevant matters is error, however, not every reference to insurance will constitute reversible error. *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 787 (banc 1977). In this case the fact that the defendant was insured was made known to the jury by the defendant's own testimony on cross examination.[4] Defense counsel cannot complain of testimonial errors committed by his own client. *Young v. Sinclair*, 92 S.W.2d 995, 1002 (Mo.App.1936). This is especially the case where, as here, plaintiff's counsel's questions were not intended to elicit the fact of insurance that fact being placed before the jury by defendant's own unresponsive answers.

Defendant's final point is without merit.

In the absence of prejudicial error in the trial of this cause we find no bias or prejudice by the jury reflected in the size of the verdict.

Judgment affirmed.

CRIST and REINHARD, JJ., concur.

---

4. Plaintiff's attorney, in an attempt to impeach the defendant using a prior inconsistent statement made in defendant's first answer, asked the defendant if her first answer contained a denial of involvement in the collision. Defendant replied that to her knowledge it had not. Plaintiff's attorney then asked the defendant at what point in time her present attorney began representing her to which she replied ". . . the insurance company had some man call me . . . ." On recross examination plaintiff's attorney asked defendant if she knew whether or not her attorney had filed a second answer. The defendant replied that "[a]ll I know is what the insurance company had assigned."