**Scotty Evan FEESE, Plaintiff-Appellant,**

v.

**Cecile M. ANDERSON,**
**Defendant-Respondent.**

No. 12894.

Missouri Court of Appeals,
Southern District,
Division Two.

March 14, 1983.

Michael W. Manners, Robert J. Graeff, Paden, Welch, Martin, Albano & Graeff, P.C., Independence, for plaintiff-appellant.

James E. Baldwin, Donnelly, Baldwin & Wilhite, Lebanon, for defendant-respondent.

PREWITT, Judge.

Plaintiff sought damages against defendant contending that she negligently caused a vehicular collision resulting in personal injuries to him. Defendant denied that a collision occurred and received a jury verdict and judgment in her favor.

Plaintiff contends in one of his points that the trial court erred in not allowing his attorney to comment in closing argument on the failure of defendant to call her husband as a witness. We conclude that defendant's husband likely knew facts relevant to the issues at trial and as he was not "equally available" to plaintiff the comments were proper and not allowing them was reversible error.

■ The failure of a party to call a witness within his power who appears to have knowledge of relevant circumstances and is not "equally available" to the opposing side gives rise to a legitimate inference that the witness's production would have been unfavorable to that party and entitles counsel for the opposing party to comment on that failure. *Graeff v. Baptist Temple of Springfield,* 576 S.W.2d 291, 306 (Mo. banc 1978). Confusion has been created because whether a witness is equally available is not given its usual meaning, "but depends on the party's superior means of knowledge of the existence and identity of the witness, the nature of testimony that the witness would be expected to give and any relation to the party so as to make it natural that he will be expected to testify in favor of one." *Id.* The lack of availability depends upon the relationship between a party and a witness which would reasonably make the witness favor one party against the other. *Id.*

■ A spouse is not equally available to the other party and opposing counsel may comment upon the failure to call a spouse who has knowledge of facts in issue and the failure to allow such comments is reversible error. *Williams v. Ricklemann,* 292 S.W.2d 276, 283 (Mo.1956); *Garrison v. United States Fidelity & Guaranty Co.,* 506 S.W.2d 87, 90 (Mo.App.1974).

Defendant's counsel objected at trial that defendant's husband "was equally available to the plaintiff just as well as he was to us." Now, in her brief "Defendant concedes that her objection was not legally founded in that Mr. Anderson was not, according to the law of this state, equally available to plaintiff." Defendant, however, contends that the trial court reached a proper result because there was no showing in the record that defendant's spouse had knowledge of any relevant facts.

One of the disputes was whether damage to the van that defendant was operating occurred in a collision with plaintiff's motorcycle. Plaintiff was injured at approximately 9:15 in the morning. Defendant had left her house in Camdenton and had driven alone straight to work. She was going in a generally easterly direction on business route 54 and then turned left to park near the gift shop where she was employed. The gift shop is in Lake Ozark on the north side of business route 54. Plaintiff contended that the van turned in front of him as he was proceeding straight down the highway and his motorcycle collided with the rear of the van. His case was based on circumstantial evidence, as head injuries prevented him from recalling that morning and no witness to the incident was found.

There was damage to the van but defendant testified that except for damage to the right rear hubcap it had all occurred earlier. Defendant did not know how the damage to the hubcap occurred. She testified that she first became aware of the hubcap damage shortly after she had stopped following her left turn. The damage on the hubcap was described as a crease "through the center and over to one side from the center mold or mound, ... approximately ten or eleven inches in length, an inch and a quarter in depth on an average and about two inches in width."

When asked if the dent of the hubcap was such that it attracted her attention, defendant replied that "it was fairly deep." She said she had never seen it before and her husband had not mentioned it to her. When the van was being photographed and the hubcap removed by a photographer employed by defendant's attorneys defendant's husband told him how other damage to the van had occurred but "offered" no explanation as to how the hubcap was damaged. Defendant presented expert testimony that "black marking or coloration which ap-

peared on the hubcap" had no rubber content.

We think it is a fair inference that defendant's husband would have known of the damage to the hubcap if it was there prior to the morning of the incident in question. The evidence indicated that the damage would be noticed by an owner or operator of the van. Defendant and her husband were apparently living together and defendant testified that they were the ones that drove the van. His comments to the photographer show that Mr. Anderson had information about how and when some damage to the van had occurred. If the damage to the hubcap had been there before defendant left their house to go to work that morning, he would have been in a position to have known about it. It appears that he probably had knowledge of contested facts and the comments by plaintiff's attorney should have been allowed.

The judgment is reversed and the cause remanded for a new trial.

MAUS, P.J., and HOGAN, J., concur.