Donald G. EVERETT,
Plaintiff-Appellant,

v.

James L. BISHOP, Jr.,
Defendant-Respondent.

No. 47761.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 13, 1984.

Jeffrey Maguire, Cape Girardeau, for plaintiff-appellant.

John L. Oliver, Jr., Cape Girardeau, for defendant-respondent.

GAERTNER, Judge.

Plaintiff sustained serious injuries when the motorcycle he was operating collided with defendant's automobile. Both vehicles were southbound on Fairlane Drive. As defendant made a right turn into the driveway of his residence, plaintiff's motorcycle struck the right front door of defendant's automobile. Plaintiff claimed that as he was following defendant's car it turned left across the center line. Plaintiff thought defendant was making a left turn into an intersecting street some distance beyond the driveway. However, according to plaintiff, he saw the automobile brake lights come on and it suddenly and without signal turned back to the right and into the driveway. Plaintiff was unable to stop before the collision. Defendant denied making an improper turn and charged plaintiff with contributory negligence by reason of excessive speed and following too closely.

Plaintiff appeals from the judgment entered upon a jury verdict in favor of the defendant. We affirm.

Plaintiff first asserts error in the admission of the opinion testimony of defendant's witness, John Senne, an accident reconstruction expert. On direct examination plaintiff testified that upon seeing the automobile brake lights he applied first his rear wheel brake and then the front wheel brake in order to avoid cartwheeling. On cross-examination, his testimony was that he "slammed on his brakes." He had used that identical expression in his deposition testimony which was read to the jury as an admission. It was undisputed that the motorcycle left 37 feet of skid marks.

Mr. Senne had prepared for his testimony by examining the scene of the accident, viewing photographs of the automobile, the police report and the deposition testimony. Under the conditions which existed, a motorcycle travelling 30 miles per hour would travel 33 feet during a ¾ second reaction time and an additional 30 feet after the brakes were applied. Therefore, he concluded, that plaintiff was driving in excess of the 30 mile per hour speed limit because even after leaving 37 feet of skid marks, the motorcycle was still moving at the time of impact. Based upon his examination of the photographs showing the damage to the automobile, he concluded the speed of the motorcycle at impact was 10 miles per hour, which, combined with the length of the skid marks, indicated a speed in excess of 39 miles per hour when the brakes were applied.

Having properly preserved his objection, plaintiff now makes a two-fold attack upon the admission of this opinion evidence. First he claims the foundation for the opinion was improper in that it was based upon calculations assuming both brakes were applied for the entire length of the skid, whereas plaintiff's testimony was that he applied the rear brake first and the front brake later. We reject this argument, first because Mr. Senne testified the difference between a single or double brake application would be slight and, in either event, the facts indicated plaintiff's speed exceeded 30 miles per hour. Secondly, plaintiff's argument ignores the fact that plaintiff also testified to "slamming on the brakes." A hypothetical question need not include every fact in evidence so long as it includes enough facts to support the questioner's theory. *Grindstaff v. Tygett*, 655 S.W.2d 70, 74 (Mo.App.1983). "The questioner may elicit an opinion on any combination or set of facts he may choose, if the question propounded fairly hypothesizes facts the evidence tends to prove and fairly presents the questioner's theory so that the answer will be of assistance to the jury on the issue." *Huffman v. Terminal Railroad Association of St. Louis*, 281 S.W.2d 863, 870 (Mo.1955). Therefore, the discrepancy between plaintiff's testimony on direct examination and that on deposi-

tion and cross-examination, while a matter for consideration of the jury in weighing the evidence and in determining credibility, is not material to the propriety of the hypothetical question.

■ Plaintiff also attacks the opinion testimony that he was traveling 39 miles per hour because it was based in part upon the opinion that his speed at impact was 10 miles per hour. He argues that the latter opinion was based solely upon the damage to the automobile as reflected by photographs, an improper and inadequate foundation for the opinion evidence of speed. We agree. In *Missey v. Kwan,* 595 S.W.2d 460, 463 (Mo.App.1980) an estimate of vehicular speed based in part upon the damage to the vehicles was held to be improper and of no probative value. This conclusion has even more validity here where the expert based his opinion only upon photographs of one vehicle as opposed to personal examination of both vehicles as in *Missey.* However, as in *Missey,* we find the error in the admission of the evidence to be non-prejudicial. In that case the distinction between speed estimates based on damage and those based upon skid marks was examined. The distance in which a particular vehicle could be stopped under specified conditions when traveling at a certain speed after the application of the brakes can be mathematically computed. Skid marks, a corollary of braking distance, therefore provides probative value to an estimate of the speed of a vehicle at the time the brakes are applied. No such computation is derivable from vehicular damage. *Id.* at 463. Here, Mr. Senne testified that at a speed of 30 miles per hour, under the existing condition, the motorcycle could have been stopped in 30 feet after the application of brakes. Thus, the skid marks of 37 feet, even without the impact factor, established plaintiff's speed to be in excess of the posted speed limit. Including a ¾ second reaction time, at 30 miles per hour plaintiff could not have stopped his motorcycle in less than 63 feet, according to Mr. Senne. Therefore, since plaintiff testified he was following defendant's automobile at a distance of 40 feet or less, the

two elements of the contributory negligence submission, excessive speed or following too closely, were fully supported even if the evidence of the 39 mile per hour speed had been excluded. In overruling plaintiff's motion for a new trial, the experienced trial judge apparently recognized, and we agree, that no prejudice could have resulted from the admission of this testimony. Not being prejudicial, the error does not warrant reversal. *Id.* at 463.

■ Next plaintiff asserts error in refusing his request to strike a venireman for cause. A prospective juror, Mr. Kasten, was an employee of Chaffee General Hospital. Plaintiff's attorney asked Kasten if he was familiar with either of the law firms in this case as they had both been involved in litigation concerning the hospital. The venireman denied any such familiarity. Defense counsel subsequently told Kasten that his firm represented the hospital which had been sued by the firm of plaintiff's attorney. Kasten said this would have no bearing upon his consideration of the case. No objection was made to the obviously improper attempt to curry favor with the prospective juror. Rather, plaintiff's attorney waited until the conclusion of the voir dire examination and then challenged Kasten for cause. The trial court chose to accept Kasten's statement that he was "just an Indian, not a chief" at the hospital and would therefore not be affected by the information regarding other irrelevant lawsuits. This ruling falls within the wide discretion vested in the trial court and will not be overturned on appeal absent an abuse thereof. *State v. Pennington,* 642 S.W.2d 646, 649 (Mo.1982). We see no such abuse here. The misconduct of defendant's attorney could have easily been cured by a prompt objection and request for reprimand. The rather trivial incident certainly does not warrant reversal.

Plaintiff's final contentions relate to rulings of the trial court on objections to final argument. It is such a firmly established principle of appellate review that such matters are within the broad discretion of the

trial court that a detailed discussion of the incidents would have no precedential value. We find no abuse of this discretion.

The judgment is affirmed.

CRIST, P.J., and STEPHAN, J., concur.