**Kim HAMMOND, Respondent,**

v.

**R.L. SMITH TRUCKING COMPANY, Appellant.**

**No. 60719.**

Missouri Court of Appeals, Eastern District, Division One.

June 9, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1992.

---

Bryan M. Groh, David T. Butsch, St. Louis, for appellant.

Gretchen Myers, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, R.L. Smith Trucking Company, appeals from a jury verdict entered in the Circuit Court of the City of St. Louis awarding respondent, Kim Hammond, sixty seven thousand dollars ($67,000.00) in this personal injury action. We affirm.

The evidence reveals that on March 9, 1987, respondent was travelling Westbound on Highway 70 with her seven month old daughter. Respondent testified she was driving in the far right lane of traffic. A semi-tractor trailer travelled parallel to respondent in the lane to respondent's immediate left. As respondent approached the exit for Highway 94, the tractor-trailer moved over into respondent's lane. Unfortunately, respondent was occupying the lane at the time and the truck hit respondent's car. Respondent sustained injuries to her right hand and her neck as a result of the collision.

On approximately March 1, 1989, respondent filed her petition alleging negligence on the part of appellant, the owner of the semi involved in the collision. A trial was held on the petition on June 25, 1991. At trial, appellant admitted liability, however, contended respondent sustained no more than $10,000.00 in damages. On June 27, 1991, the jury returned its verdict for respondent in the amount of $67,000.00. This appeal followed.

Appellant first contends the trial court erred in permitting respondent to make "repeated" references to the financial condition of the respondent. We disagree.

We initially note that what appellant refers to as "repeated" references amount to, at most, two brief comments in a trial lasting three days. Appellant failed to object to either of these statements.

The first comment came during the direct examination of respondent. Respondent testified she had been advised by her physician to acquire physical therapy. Respondent attended one session of therapy and then failed to see a doctor for a year and one-half. Apparently, appellant's counsel lingered over this subject for some time during his opening statement, contending respondent could not have been too seriously injured if she only attended one session of therapy. This court cannot be too sure of exactly what was said because appellant has not seen fit to provide its opening statement to this court, however, respondent decided it was necessary to explain this gap in treatment:

> *Question:* Kim we were going through your physical therapy sessions and your treatment by Dr. Myers. You had a third physical therapy session at St. Luke's. Is that correct?
>
> *Answer:* Yes.
>
> *Question:* Now, defense counsel has already mentioned that in that physical therapy session you were only able to attend one time?
>
> *Answer:* That's correct.
>
> *Question:* Can you tell the ladies and gentlemen of the jury why you were only able to attend one therapy session in the summer of 1988?
>
> *Answer:* After my first visit I was told to go to the outpatient and register, which I did, and they told me that to continue with my physical therapy I was going to have to pay the previous bill, and I was unable to get it paid at that time.
>
> *Question:* Has that bill since been paid?
>
> *Answer:* Yes, as far as I know.

As noted above, appellant failed to object to these comments at trial.

The next comment occurred during respondent's closing argument:

> Now, the defendant trucking company faults us for not bringing Dr. Myers into

this courtroom. You heard some of the costs of medical testimony in a trial. Kim Hammond can't be forced to bear additional examination, additional depositions, additional trial testimony, when you heard ad nauseam for two hours everything that Dr. Myers had to say, and what did Dr. Schreiber tell you? He said "my examination isn't any different than anything that Dr. Myers found, isn't any different than what the physical therapist found". There's no indication in this case that Dr. Myers would say anything but what Dr. Schreiber says.

Although appellant objected to the last sentence in the above quoted passage, contending there was no evidence of what Dr. Myers would say, appellant failed to object in any way, shape or form to the comments on the costs of asking Dr. Myers to testify.

■ Generally, failure to object to an argument or statement at the time it is made results in a waiver of any right to complain on appeal. *Glasscock v. Miller*, 720 S.W.2d 771, 777 (Mo.App., S.D.1986). This is true even where, as here, the point is preserved in an after trial motion. *Id.*

In any case, we see no error, plain or otherwise, in the actions of the trial court. The statements made in closing argument clearly had nothing to do with financial conditions and were merely an explanation as to why the respondent did not call an additional physician as a witness. *See Missey v. Kwan*, 595 S.W.2d 460, 464 (Mo.App., E.D.1980). As for the comment as to why appellant failed to continue therapy, this was clearly invited by appellant in opening argument. Nor do we find the comment was prejudicial. Although respondent indicated she could not pay the bill at the time it initially became due, she also testified it was subsequently paid.

■ Appellant also complains that he was not permitted to cross-examine respondent as to whether she had insurance to cover her therapy. Initially, we note appellant neglected to include this complaint in a point relied on. We suggest appellant review Rule 84.04 and *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978), for the manner

in which to present an issue to this court for appeal. Reviewing this argument *ex gratia*, we see no error. While a party may be permitted to cross-examine on the subject of collateral sources where the plaintiff injects his/her dire financial condition into evidence, *Moore v. Missouri Pacific Railroad Co.*, 825 S.W.2d 839 at 842–43 (Mo. banc 1992), the permissible scope of cross-examination is left to the sound discretion of the trial court. *Id.* 825 S.W.2d at 843. We do not find this discretion was abused. In addition, we note that during appellant's offer of proof on this issue, respondent testified it was her belief that she and her husband personally paid these costs. Although respondent was not sure of this fact, a reading of the offer of proof indicates respondent's testimony would have served to highlight her financial condition and certainly would not have aided appellant's position. Thus, no prejudice could have come from the trial court's denial of cross-examination.

 Appellant's final complaint is that the trial court erred in permitting respondent to rebut the adverse inference appellant drew from respondent's failure to call one of her attending physicians as a witness. We disagree.

Again, we are forced to note that this point was not objected to at trial. Nor does appellant cite this court to any case law that holds a party may not rebut an adverse inference. Instead, appellant refers us to cases that are simply not on point.

In *Ballinger v. Gascosage Elec. Co-op.*, 788 S.W.2d 506 (Mo. banc 1990), the defendant drew an adverse inference from the fact plaintiff's wife didn't testify at trial. Plaintiff, on rebuttal, told the jury the plaintiff's wife might have gotten upset if required to testify and, therefore, was not called. The defendant appealed. The Missouri Supreme Court called plaintiff's statement an "appropriate response" to the defendant's argument and cast defendant's complaint regarding this statement aside as "not substantial." *Ballinger*, 788

S.W.2d at 513. Likewise, we find appellant's argument to be of a similar nature.

The trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.