Virginia MORRISSEY, Plaintiff–
Appellant,

v.

Timothy MORRISSEY, Defendant–
Respondent.

No. 68795.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 22, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 17, 1996.

Application to Transfer Denied
Jan. 21, 1997.

---

Marc S. Wallis, Newman & Bronson, St. Louis, for plaintiff-appellant.

Anthony L. Martin, Walker & Williams, St. Louis, for defendant-respondent.

CHARLES B. BLACKMAR, Senior Judge.

Plaintiff, Virginia Morrissey, was injured on December 7, 1991 while riding as a passenger in a car driven by her stepson, defendant, Timothy Morrissey. Virginia had raised Timothy from the time he was 3 1/2 years old, and he made his home with her. Timothy was not married. Both parties referred to Timothy as Virginia's son and he is properly considered as a son for purposes of this case.

Virginia sued Timothy and the driver of the stopped car Timothy ran into, but she settled with the other driver before trial. The jury returned a verdict for the defen-

dant, Timothy. Virginia appeals, assigning as her single point the overruling of her objection to defense counsel's comments on her counsel's failure to call Timothy as a witness. We conclude that the comments do not constitute reversible error in context, and so affirm the judgment.

Prior to voir dire counsel for plaintiff advised the court that he intended to ask the "insurance question" and received approval of the procedure he suggested. During voir dire counsel for defendant told the jury that Timothy claimed that "he was not at fault ..." and reiterated this claim in his opening statement.

After plaintiff rested and usual motions were overruled, defendant rested without calling any witnesses. Prior to the commencement of argument plaintiff's counsel advised the court that he intended to comment on defense counsel's failure to call Timothy to the stand. Defense counsel objected but the objection was overruled.

Plaintiff's counsel then argued as follows:

Now, what was the evidence? We called every witness that we could to come in and tell you what was going on out there.

\* \* \* \* \* \*

What did the defendant's lawyer tell you? At least three times he told you in the beginning of the case and during opening statement and on voir dire, that Tim says it wasn't his fault.... But the Court tells you in Instruction No. 1 that what the lawyers say is not evidence.

Now, under the law, I want to tell you something. Tim didn't take the stand. His lawyer didn't put him on the stand to tell you what happened that night.... But under our law, you can make an inference, you can reasonably infer from the fact that the defendant's lawyer did not put Tim on the stand, that had Tim been put on the stand, that what he would have said would have been adverse to his interests. Tim wants his mother to be compensated. The only person in this room that doesn't want Virginia to be compensated is [defense counsel].

Defense counsel did not interrupt the argument with further objections. During de-

fense counsel's closing argument, he argued as follows:

Folks, I frankly believe that the plaintiff has failed to meet that burden of proof. And because the plaintiff has failed to meet that burden of proof of showing negligence on the part of Timothy Morrissey, I didn't call him.

Now, what's interesting about the argument that Mr. Wallis made a few minutes ago, he said, well, you can infer that maybe he would have gotten up here and said that he was at fault or something. Timothy Morrissey has been in this courtroom, as you have seen, every day of this trial. He's the person, as his mother testified this morning, who brought her to the courtroom every day. Now, if Mr. Wallis—

This argument drew plaintiff's counsel's attention, as the ensuing colloquy shows:

[PLAINTIFF'S COUNSEL]: Your Honor, that's an improper argument. He's a party defendant.

[DEFENSE COUNSEL]: Your Honor, it's not an improper argument.

[PLAINTIFF'S COUNSEL]: Yes, it is, Your Honor. He is a party defendant. And that is very improper, because I don't have to put the defendant on the stand so he can lead him. And that's improper.

THE COURT: I'll overrule the objection. You may continue.

Defense counsel continued as follows:

Ladies and gentlemen, the fact of the matter is that if Mr. Wallis thought that Timothy Morrissey was going to testify that he was at fault, then surely Mr. Wallis would have said—after he called one of the other many witnesses that he called in this trial, he would have called Mr. Morrissey and would have asked Timothy Morrissey, well, you are at fault, aren't you?

[PLAINTIFF'S COUNSEL]: Same objection, Your Honor, and I move the Court to instruct the jury to disregard the argument.

THE COURT: I'll overrule your objection.

[DEFENSE COUNSEL]: Ladies and gentlemen, I don't think that you should

raise any—or infer anything adverse because Timothy was not called in this case. I think that what you should do is infer rather that the plaintiff failed to meet the plaintiff's burden of proof.

■■■ Our courts usually afford counsel broad latitude in closing argument. *Kelly by Kelly v. Jackson,* 798 S.W.2d 699, 704 (Mo. banc 1990). When counsel for one side undertakes to comment on the failure of his opponent to call a witness, however, review has been stricter. *Id.* at 701. Courts are wary of phantom testimony introduced through argument rather than from the witness stand. The history is discussed in Judge Covington's instructive opinion in *Kelly* which points out that reversible error may result if counsel comments on the absence of a witness equally available to both parties. *Id.* The earlier case of *Hill v. Boles,* 583 S.W.2d 141 (Mo. banc 1979) stresses factors to be weighed by the trial court in deciding whether to allow such comment.

■■■ The trial court followed controlling authority in holding that plaintiff's counsel had the right to comment on defense counsel's failure to call defendant. *Pasternak v. Mashak,* 428 S.W.2d 565, 568 (Mo. banc 1967); *see also Keith v. Burlington Northern Railroad Company,* 889 S.W.2d 911, 919 (Mo.App.1994). Case law also freely allows comment on a party's failure to call a close relative to the stand. *Spica v. McDonald,* 334 S.W.2d 365, 370 (Mo.1960); *Beesley v. Howe,* 478 S.W.2d 649, 653 (Mo.1972); *Feese v. Anderson,* 648 S.W.2d 638, 639 (Mo.App. 1983).

Counsel advise us that they have found no case which is directly on point, in which each side could argue persuasively that the witness was peculiarly available to the other side, and our research into Missouri case law has yielded none.

■■■ The burden is on the appellant to persuade us of error. The trial court is given wide discretion in controlling argument of counsel and, absent clear abuse of such discretion, its ruling should control. *Kelly,* 798 S.W.2d at 704. The trial judge, in this case, could have determined that defense counsel's closing argument was a proper re-

sponse to arguments made by plaintiff's counsel. In commenting on defendant's failure to testify, plaintiff's counsel said that he had called all the witnesses that he could. The jurors might be led to believe that plaintiff's counsel could not have called defendant as a witness, even though the right to do so is clearly established by § 491.030, RSMo 1994. Plaintiff's counsel also asserted that "Tim wants his mother to be compensated", which seems to be a none-too-subtle reference to a party's insurance coverage, which is generally improper. *Hulsey v. Schulze,* 713 S.W.2d 873, 875 (Mo.App.1986). Courts regularly allow retaliation when an argument is inappropriate or misleading. *Hammer v. Waterhouse,* 895 S.W.2d 95, 106–07 (Mo.App. 1995).

■■■ The court, furthermore, could consider the relationship between plaintiff and defendant and their presence in court together during the entire trial, essentially leaving it to the jury to determine Timothy's accessibility. The court could also take into account the nature of defense counsel's argument, in which he did not ask the jury to draw an inference favorable to his client, but simply suggested that it draw no inference from Timothy's failure to testify. The trial court was entitled to observe the scene and to weigh the circumstances. We perceive no abuse of discretion.

The judgment is affirmed.

AHRENS, C.J., concurs.

CRANDALL, J., dissents in separate opinion.

CRANDALL, Judge, dissenting.

I dissent.

I agree with the majority that plaintiff's counsel had the right to argue to the jurors that they could draw an adverse inference from defendant's failure to testify. "Availability is not a factor governing the right to comment when a party, as distinguished from a non-party does not testify." *Pasternak v. Mashak,* 428 S.W.2d 565, 569 (Mo.1967). Certainly the defense was entitled to respond to that argument. Here I believe that the

response went beyond the scope of permissible argument.

In *Ballinger v. Gascosage Elec. Coop.*, 788 S.W.2d 506 (Mo. banc 1990) [1], defendant, during closing argument, asked the jury to draw an adverse inference from plaintiff's wife failure to testify regarding her husband's injuries. In response, plaintiff's counsel told the jury plaintiff's wife might be upset if required to testify. *Id.* at 513. On appeal, the Court held that counsel's assertion that plaintiff's wife might be upset was an "appropriate response" to defendant's adverse inference argument. *Id.* The Court also characterized defendant's challenge to plaintiff's rebuttal as "not substantial." *Id; See also Hammond v. R.L. Smith Trucking Co.*, 833 S.W.2d 6, 9 (Mo.App.1992).

The argument in *Ballinger* is simply an example of a permissible attempt to counter an adverse inference argument. In this case defense counsel was entitled to respond and argue, among other things that he did not call defendant because plaintiff failed to make a submissible case. Defense counsel went too far however when he argued, over objection, that if plaintiff's counsel thought defendant "was going to testify that he was at fault ... he would have called [defendant] and would have asked [defendant], well, you are at fault aren't you." The implication from that argument was that plaintiff did not call defendant to testify, because defendant's testimony would have been unfavorable to plaintiff. By this argument, defense counsel was, in effect, asking the jury to draw an adverse inference from the failure of plaintiff to call defendant to testify. Thus defense counsel was able to argue the import of his client's testimony without putting him on the stand and subjecting him to cross-examination. This I believe was error.

The prejudicial effect of erroneously permitting a party to make an adverse inference argument is well established. *Leehy v. Supreme Express & Transfer Co.*, 646 S.W.2d 786, 789–91 (Mo. banc 1983). Under the circumstances of this case, the trial court

1. Overruled on other grounds by *Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384

committed prejudicial error by overruling plaintiff's objection to the argument.

For the reasons stated, I would reverse the judgment of the trial court.