[1] Action for damages for personal injuries. Verdict and judgment for defendant from which plaintiff has appealed. The question for decision is whether it was reversible error to give Instruction No. 5, on burden of proof.
[2] We commend counsel for filing an abbreviated transcript in accordance with Section 847.136, Mo.R.S.A. and our Rule 1.06, which so clearly and concisely presents the question for decision. The material facts which the evidence tended to prove are stated therein, as follows: "The evidence in this case tended to prove that on the occasion in question, the plaintiff, a child two years of age, was riding in the back seat of an automobile operated by his father westwardly along Manchester Road, in the County of St. Louis, and State of Missouri. Just prior to the impact between the automobile in which the plaintiff was riding and that which the defendant was operating eastwardly along Manchester Road, the plaintiff's father had made a left turn to the south, preparatory to entering private property lying south of the traveled portion of the highway, and when the front wheels of the car within which the plaintiff was riding were off of the pavement to the south, but the remainder of the automobile was still on the pavement, the automobile within which the plaintiff was riding was struck on the right rear side by the front end of the defendant's car, which was in the south or outside lane of the highway as it proceeded eastwardly on the same.
[3] "When the collision occurred, the plaintiff was thrown out of the automobile and sustained injuries to his person. Plaintiff's evidence was that the driver of the car in which he was a passenger made this turn into the private premises mentioned, wherein a `Drive-In' or outdoor motion picture theatre was being operated, in accordance with the signals of a traffic officer, who was stationed at that point, and that at the time he made the turn there was no eastbound traffic visible, due to a curve in the roadway approximately 180 feet west of the scene of the accident.
[4] "The defendant's evidence was that the defendant at all times was operating his car in the outside, or south lane of traffic on Manchester Road and at a speed of approximately 25 to 30 miles per hour; that when defendant came around the curve mentioned, he noticed the traffic officer giving him the `come ahead' sign and that he proceeded in the same lane of traffic at approximately the same speed until practically the instant of the collision, when it was impossible to stop, or avoid the accident. Defendant's evidence showed that from the time defendant rounded the curve, approximately 180 feet west of the scene of the accident, the highway was level and there was nothing to obstruct his view as he approached the scene of the accident. Defendant's evidence further showed that at the time the car in which plaintiff was a passenger turned south across the eastbound traffic lane, the said turn was made in violation of the signals being given by the traffic officer."
[5] Instruction No. 5, with the criticised portions italicized, is as follows: "The Court instructs the Jury that the charge laid by the plaintiff against the Defendant in this case is one of negligence. Recovery may not be had on a charge of negligence except when such charge is sustained by the preponderance, that is, the greater weight of the credible evidence, to thereasonable satisfaction of the jury.
[6] "It does not devolve upon the Defendant to disprove said charge, but rather the law casts the burden of proof in reference to said charge upon the plaintiff and said charge of negligence must be sustained by the preponderance, that is, the greater weight of the credible evidence, to the satisfaction of thejury.
[7] "If, therefore, you find the evidence touching the charge of negligence against the Defendant does not preponderate in favor of the Plaintiff, or is evenly balanced, then and in that case Plaintiff is not entitled to recover against the Defendant and you will find your verdict for the Defendant." *Page 474 
[8] We reaffirm what we said in Pulse v. Jones about these phrases in a burden of proof instruction:
[9] First: when the words used are "to the reasonable satisfaction of the jury" they cannot reasonably be construed as improperly increasing the burden of proof; but they require no more than a finding that the evidence favorable to plaintiff is more convincing than that favorable to defendant.
[10] Second: if the qualifying word "reasonable" were omitted then the effect would be to improperly increase the burden of proof, for the reasons stated in Seago v. New York Central R. Co., 349 Mo. 1249, 164 S.W.2d 336, 147 A.L.R. 372.
[11] Furthermore, in Johnson v. Dawidoff, 352 Mo. 343, 177 S.W.2d 467, loc. cit. 472, in which both phrases were used, we said: "If a trial court should grant a new trial and assign as a reason therefor the giving of such an instruction this court will sustain the ruling." That is, if the trial court found the use of both phrases so misleading as to be prejudicial in a particular case we would defer to that ruling.
[12] However, in this case, the trial court overruled plaintiff's motion for a new trial and in view of the entire submission, and the reasonable construction of Instruction No. 5 considered as a whole, we do not think we should hold it to be reversible error. Reading this instruction as a whole, we think it sufficiently emphasized the idea that the plaintiff's burden was to sustain his charge by the greater weight of the credible evidence for the jury to so understand. If that was not made clear by Instruction 5 alone, it certainly was by Instruction 6 which was, as follows: "The Court instructs the jury that if you find and believe from the greater weight of the credible evidence the facts to be as submitted in Instruction No. 1, then the plaintiff has met and carried the burden of proof required of him under the law and under the instructions herein."
[13] This case was submitted to the jury by Instruction 1 solely upon humanitarian negligence of failure to stop, slacken speed or change course after plaintiff's position of peril arose. By Instruction 2, the defense of sole cause was submitted on the theory that the driver of the car in which plaintiff was riding made a left turn in front of defendant's car in disobedience of the signal of the police officer there directing traffic. Thus the issue was clear and definite as to the ability of the defendant to do anything after the car in which plaintiff was riding turned in front of him. The trial court, having heard the evidence and seen the witnesses, was in the best position to determine whether or not this one unqualified phrase in Instruction 5 had any prejudicial effect on the determination of this clearly defined issue. All instructions must be construed and considered together, and where one instruction states some matter indefinitely or ambiguously or in language which might be misleading, then an instruction which makes this matter clear and definite may cure such a defect. McDonald v. Kansas City Gas Co., 332 Mo. 356, 59 S.W.2d 37. We think that this would be a reasonable view of the whole submission in this case and that was obviously the view of the trial court.
[14] The judgment is affirmed.
[15] All concur. *Page 491