Pauline HOGAN, Appellant,

v.

**AMERICAN TRANSPORT, Inc., a Corporation, Respondent.**

No. 44436.

Supreme Court of Missouri.

Division No. 1.

April 11, 1955.

Jack P. Pritchard and Donald B. Russell, Nevada, Mo., Pritchard & Russell and James E. Woodfill, Nevada, Mo., of counsel, for appellant.

Amos Wight and Lynn M. Ewing, Nevada, Mo., Ewing, Ewing & Ewing, Nevada, Mo., of counsel, for respondent.

WESTHUES, Judge.

Plaintiff Pauline Hogan filed this suit to recover $75,000 as damages for personal injuries alleged to have been sustained through the negligence of a driver of a gasoline transport truck, owned by defendant American Transport, Inc. A trial by jury resulted in a verdict for the defendant and plaintiff appealed.

Plaintiff claims that two instructions given at defendant's request were erroneous and asked that the case be remanded for retrial. A brief statement of the facts in evidence will be sufficient to dispose of the points briefed.

Plaintiff's evidence was that on the evening of October 30, 1952, she, her husband, and three of their children were in a car being driven by George Hogan, plaintiff's husband; that they were driving south on Vernon County Highway H toward Highway 54, intending to go to Deerfield, Missouri. Route H begins at Richards, Missouri, runs east about two miles, then due south about ten miles to Highway 54. It is a farm-to-market road, 24 feet wide from shoulder to shoulder, and surfaced with gravel. Plaintiff, her husband, and two of the children testified. Their evidence was that while they were going south on route H they noticed a transport truck following them; that at a point about a mile or so north of Highway 54, the truck passed their car and while passing and turning back to the right side of the road, it struck a fender of their car; that their car then veered to the left across the road into a ditch and collided with a tree. Plaintiff suffered a broken ankle and other injuries. It was in evidence that the roadway was very dusty; that it was being repaired and that a ridge of gravel, earth, and dust, about 10 to 12 inches high and 18 inches wide, was along the west edge of the highway. Plaintiff's husband, George Hogan, testified that as the transport truck came up to his car "I kept giving him room. I applied my brakes. He cut over to the right more and as he went on around I lost control of the car." He further stated that his car was over the ridge of gravel on the shoulder of the road and that when the truck was passing, he heard a clash of metal; that the truck was going about 50 miles per hour.

Robert E. Bailey testified that he was employed as a driver of a transport truck for the defendant on October 30, 1952; that he drove such a truck on the evening of that day from Richards to Deerfield over route H; that he passed only one car and that was about ½ mile south of the place where route H turns south toward Highway 54. This point was several miles north of the point at which plaintiff's car was wrecked. He further stated that after he passed this car, he noticed by his rear view mirror that the car followed him for at least ½ mile; that his truck did not come into contact with this car; that the roadway was wide and his truck passed the car with a space of 5 or 6 feet between the vehicles. He stated that he did not hear of plaintiff's claiming that his truck was involved in the wreck of October 30 until about six months before the trial in March, 1954, which was about seventeen months after the date of the occurrence in question.

Floyd McCarty, a police officer of Fort Scott, Kansas, made an investigation of the accident on the evening of October 30, after the Hogan family had been taken to a hospital in Fort Scott. He testified he talked to the Hogans at the hospital. Note a portion of his evidence:

"Q. During the course of that investigation did you visit the Burke Street Mercy Hospital in Fort Scott? A. I did.

"Q. Did you talk to a girl there who was 13 or 14 or 15 years old? A. I inquired and found out that she was the daughter of the folks that was hurt in the accident.

"Q. Did you ask her if a transport truck had hit her father's car? A. I did.

"Q. What did she say? A. She replied that it hadn't hit her; that the dust had blinded her father as it went around them and her father run off the road and went down into the ditch and hit a tree—that's what she told me."

It is apparent that the evidence presented a question of fact for a jury as to the cause of the accident. Therefore, if the instructions given by the trial court, complained of by plaintiff, were proper, the judgment entered must be affirmed.

Plaintiff says that instructions A and B, given by the trial court, are erroneous. It is claimed that instruction A is prejudicially erroneous; that it is repetitious and "tends to minimize plaintiff's injuries, and overemphasized the jury's duty to defendant rather than on their duty to the whole case." Plaintiff also says that this instruction was incorrect because of the use of the words "to your reasonable satisfaction"; that it placed a greater burden of proof upon plaintiff than is required by law. Instruction A reads as follows:

"The Court instructs the jury, that in deliberating upon this case, it is your duty to decide first whether or not under all of the facts and circumstances in evidence there is or is not any negligence upon the part of defendant, as submitted and defined by other instructions. Until this question of negligence has been determined by you, you have no right to consider the amount, if any, that plaintiff is entitled to recover.

"If the plaintiff is not entitled to recover, that is, if plaintiff has not shown to your reasonable satisfaction by the preponderance or greater weight of the credible evidence upon the question of negligence that she should recover at your hands, then in your deliberations you should not and must not consider to what extent, if any, plaintiff has been damaged by reason of the collision mentioned in evidence.

"Neither passion, prejudice nor sympathy should influence you in any manner in deciding this case, for it is your sworn duty to try this case and decide it according to the evidence and the instructions of the court."

The first criticism made of this instruction by plaintiff was taken from the opinion in the case of Unterlachner v. Wells, Mo., 278 S.W. 79, loc. cit. 83, 84 (6,7). As pointed out in the case of Koebel v. Tieman Coal & Material Co., 337 Mo. 561, 85 S.W.2d 519, loc. cit. 525, 526 (6), instruction No. 5, condemned in the Unterlachner case, supra, contained vices not present in the instruction given in the Koebel case and further it was not made clear wherein the instruction No. 5 was faulty. We may note that instruction No. 5 in the Unterlachner case advised the jury that plaintiff was required to prove his case to the satisfaction of the jury. Such an instruction has frequently been condemned. See Lebow v. Missouri Public Service Co., Mo., 270 S.W.2d 713, loc. cit. 718 (6,7), and Rasp v. Baumbach, Mo., 223 S.W.2d 472, loc. cit. 474(2). A comparison of instruction No. 5 in the Unterlachner case, supra, with instruction A given in the case before us shows them to be unlike in a number of respects. Instruction A may be termed cautionary in nature such as a trial court may give or refuse to give as a matter of discretion. An instruction similar to instruction A was held to be proper in West v. St. Louis Public Service Co., Mo., 236 S.W.2d 308, loc. cit. 311(2). In that case, contentions similar to those made by plaintiff in this case were ruled to be without merit. The point must be ruled against plaintiff.

Much has been written concerning the proper phraseology of burden of proof instructions, particularly as to whether the wording "to your reasonable satisfaction" should be used. In the case of Rasp v. Baumbach, supra, and in many other cases, this court has held such instructions not to be prejudicially erroneous. We adhere to that ruling in this case. We ruled in Johnson v. Dawidoff, 352 Mo. 343, 177 S.W.2d 467, loc. cit. 472, that if a trial court should grant a new trial on the theory that such an instruction in the particular case had resulted in prejudice, this court would affirm the ruling. We did so in Pulley v. Scott, 362 Mo. 1217, 247 S.W.2d 767, loc. cit. 769(2).

We do not agree with plaintiff that instruction A was repetitious, minimized plaintiff's injuries, or overemphasized the jury's duty to the defendant. We rule that the trial court did not abuse its discretion in giving the instruction.

Plaintiff says instruction B was erroneous. This instruction purported to advise the jury that if the injuries of plaintiff were due solely to the negligence, if any, of the driver of the Hogan car and not due or contributed to by any negligence of the defendant, then a verdict should be returned for defendant. Plaintiff says there was no evidence of any act on part of Hogan, the driver, "which would show the manner in which he operated his automobile as to have been the sole cause of plaintiff's injuries."

 Leon Carpenter lived a short distance from the place where the Hogan car ran into a tree. The Hogan children went to the Carpenter home for help. Thereafter, Carpenter went to the scene and "looked around to see where the wreck was at and how it happened." He testified as to the marks on the roadway made by the Hogan car. On cross-examination by plaintiff's counsel, he gave the distance from the tree to the point at the gravel ridge where the car had begun to zigzag. He marked the points on a photograph of the scene introduced by plaintiff. The facts hypothesized in instruction B were substantially in accordance with the evidence of this witness. The instruction, in substance, advised the jury that if from the evidence the jury found that George Hogan drove his car into a ridge of dirt along the highway and thereafter drove and permitted his car to run diagonally across the ditch and into a tree "and if you further believe and find from the evidence that George Hogan in so operating his said automobile failed to exercise the highest degree of care and that such failure on George Hogan's part to exercise the highest degree of care, was the sole cause of" plaintiff's injuries "and if you find from the evidence and under the instructions that defendant or the driver of its truck was not guilty of any negligence that directly contributed to plaintiff's injury," then the verdict should be for the defendant. The course of the Hogan car from the gravel ridge across the road into a ditch where it ran into a tree was not in dispute. There were only two questions of fact in dispute: One was, at what point on the route did the truck pass the Hogan car? The other, did the truck while passing come into contact with the Hogan car? The jury under the evidence must have believed that which was favorable to the defendant. We cannot agree with plaintiff that instruction B was prejudicially erroneous. It submitted to the jury one of the defendant's theories, that was that Hogan lost control of his car and that no act on the part of the driver of the transport truck caused or contributed to the occurrence. Defendant had the right to have that theory submitted. Godfrey v. Bauer, Mo., 252 S.W.2d 281, loc. cit. 283, 284(1); Fassi v. Schuler, 349 Mo. 160, 159 S.W.2d 774, loc. cit. 777(7)(8).

It follows that the judgment must be and is hereby affirmed.

All concur.