George KRUDWIG, a Minor, by Eleanor Krudwig, Next Friend, and John B. Krudwig and Eleanor Krudwig, Appellants,

v.

James F. FOWLER, Respondent.

No. 50833.

Supreme Court of Missouri,

Division No. 2.

Sept. 13, 1965.

Rehearing Denied Oct. 11, 1965.

Sherman Landau, St. Louis, for appellants.

Willson, Cunningham & McClellan, Jerome M. McLaughlin, St. Louis, for respondent.

STOCKARD, Commissioner.

Plaintiffs have appealed from the judgment in favor of defendant entered pursuant to the unanimous jury verdict. Plaintiff George Krudwig sought damages for personal injuries in the amount of $45,000, and plaintiffs John B. Krudwig and Eleanor Krudwig, parents of George, sought to recover $15,000 for medical expense and loss of services of their son.

George was injured about 9:30 o'clock of the evening of July 14, 1962, when the motorcycle he was operating on the property of a gasoline service station collided with an automobile operated by defendant. The circumstances of the collision are in dispute and the conflicting versions need not be set out.

Appellants' first point is that the trial court erred in permitting counsel for respondent, "over repeated objections by plaintiff, to deliver an unbridled harangue to the jury under the guise of voir dire interrogation, and in permitting defendant's counsel to instruct the jury that plaintiff had the burden of proving freedom from contributory negligence 'because the defendant has pleaded contributory negligence in this case.' "

▆ Appellants have set forth in their brief the voir dire examination about which complaint was made. There is no question but that some of the statements and questions by counsel were outside the scope and purpose of a voir dire examination. However, the trial court *sustained* appellants' objections to each and every improper statement and question, including the statement referred to in the point pertaining to contributory negligence. Appellants make no specific reference in their point, or in their argument, to those matters to which objections were overruled. Two pertained to an inquiry of the jury panel as to whether they understood that the fact plaintiffs had brought the suit did not entitle them to a verdict, and the other was an inquiry as to whether any member of the panel would favor plaintiff for the reason that he was injured. While perhaps these questions were ineptly worded, they are not subject to the general accusation made in appellants' point.

▆ Appellants attempt to excuse their failure to ask for additional relief on the theory that they did not want a mistrial because of the resulting delay. However, there was other relief available. We refer to a request that the jury panel be instructed to disregard statements, and a request that counsel be admonished or reprimanded. As far as shown by the record before us, there is no reason to assume that such remedial action would not have been forthcoming if requested and if the trial court had believed that remedial action appropriate. But in the absence of unusual and patently prejudicial matters, not here presented, counsel cannot pursue a course which in effect expresses satisfaction with the action taken by the trial court, and then complain on appeal that the trial court should have done more on its own initiative.

▆ Appellants argue that "the trial court's rulings were inconclusive, and in the aggregate had the overall effect of leaving the jury in confusion as to how much counsel's bombast was controlling upon them." We cannot agree. The court's rulings concisely disposed of everything presented to it by appellant. The trial court necessarily has considerable discretion to exercise control of the voir dire examination, and generally speaking it is in a much more favorable position to determine the proper limits of such examination, and the existence of abuse and the resulting prejudicial effect, if any, than an appellate court. It is only when there has been manifest

abuse of that discretion, and where there is probability of prejudice to a party that an appellate court should interfere. Olsten v. Susman, Mo., 391 S.W.2d 331, 335. In this case the trial court granted all the relief appellants requested as to their meritorious objections, and it had the opportunity to review the entire situation when ruling on the motion for new trial. We cannot find any basis for ruling on this appeal that the trial court abused its discretion in its control of the voir dire examination.

Appellants next assert prejudicial error resulted because the trial court permitted respondent's counsel to comment unfavorably, in his argument to the jury, upon appellants' failure to call Jack Schroeder as a witness in their case in chief. They contend that he was equally available to all parties.

Jack Schroeder was a passenger on the motorcycle, riding behind George Krudwig, at the time of the collision. Appellants did not call him as a witness in the presentation of their case in chief. However, he was called by them as a rebuttal witness. Miss Creech, a witness for respondent, had testified that when George Krudwig, with Jack Schroeder riding behind him, drove away from the gasoline pumps where the motorcycle had been serviced, he then drove without stopping out into Bellefontaine Road and made a complete turn, and then came back onto the service station property at a speed not less than twenty-five miles an hour. Jack Schroeder, as a rebuttal witness, testified that they stopped about ten feet from the pumps and then turned around and did not go out onto Bellefontaine Road. During argument to the jury the following occurred:

"Mr. McLaughlin: I think it is significant to note that there was a lot of talk about where this motorcycle was going. Mr. Schroeder, who came in, although an absolute witness, a passenger on the motorcycle, was not brought in the plaintiff's case in chief * * *.

"Mr. Landau: I object. That is highly prejudicial, improper. He was just as available to the defendant as he was to the plaintiffs. That is an improper comment.

"The Court: All right, I will sustain that."

■ We find it difficult to determine on what basis appellants contend that the trial court erroneously permitted the comment. In view of the relationship between George Krudwig and Jack Schroeder, it is not immediately evident that the comment was beyond the permissible limits, but in any event, the trial court sustained the objection, and that is all appellants requested. We find the same situation as to appellants' seventh point in their brief where error is asserted in that the trial court permitted counsel for respondent to argue that appellants' witnesses did not have on their leather jackets. The trial court agreed that the argument was improper and promptly sustained appellants' objection, the only relief requested.

■ In appellants' sixth point it is asserted that the trial court erred "in failing to grant a new trial for the prejudicial argument of defendant's counsel in arguing to the jury that the plaintiff was a victim of malpractice, and that plaintiffs had a valid cause of action against the St. Louis County Hospital for such malpractice." Appellants assert that at "intermittent intervals" respondent's counsel argued to the jury "through the guise of objections to evidence, and otherwise" that the permanent impairment of George Krudwig's arm resulted from malpractice.

Appellants' counsel requested permission of the court to read to the jury portions of the medical records of Faith Hospital pertaining to George Krudwig. Respondent objected because George Krudwig had testified that the broken bones sustained in the collision with respondent's automobile were set at the County Hospital, and "if they were improperly set, these are elements

of damage they may have against the St. Louis County Hospital." The objection of respondent was overruled and the records were read. The reason in support of the objection was advanced to the court and not the jury, and we do not know that the jury heard it although the record does not affirmatively show that it was out of the hearing of the jury. However, the effect of the ruling of the court in overruling respondent's objection was to disapprove his reason. In any event, appellants made no request that the jury be instructed to disregard the remark. Appellants were satisfied with the court's ruling in overruling respondent's objection, and they presented nothing to the trial court concerning the remark until their motion for new trial. The trial court then evaluated the incident, and based upon what it saw and heard, declared the incident not to have been prejudicial. We find no basis for concluding that the trial court erred in this respect.

Appellants next assert that "defendant's counsel was not content to let the matter rest with the improper advantage" gained by the incident previously set out, but "compounded the prejudicial error in his argument to the jury." They then set out argument on the part of respondent pertaining to the extent of the injuries of George Krudwig where he commented on the testimony of an osteopathic physician who had examined George sixteen months after the accident. In argument this was said: "What could he possibly know about the boy's injuries, whether they were connected to this accident, whether the County Hospital did a poor job in putting this boy's arm in a cast. He knew nothing about that; he was honest about it. He testified as best as he could. He did tell us that * * *." Appellants then objected because "there is no testimony that the County Hospital did any poor job." Counsel for respondent then added: "They must have done a pretty poor job if they had to break his wrist." The court then sustained the objection and instructed the jury to "dis-

regard that last remark." No other relief was requested.

■ In view of the verdict for defendant on the issue of liability, we doubt that the above matters pertaining only to the issue of damages could be considered to be prejudicial. Boedeker v. Wright, Mo., 312 S.W.2d 829, 833; Merritt v. Mantony, Mo., 353 S.W.2d 768. Aside from that, however, appellants seek to have this court declare that a trial court committed error prejudicial to them when it granted all the relief requested at the time of the incidents about which complaint is now made. The incidents are not of the nature which call for action by the trial court without a request, see Critcher v. Rudy Fick, Inc., Mo., 315 S.W.2d 421, and appellants are not entitled to complain on appeal that the trial court erred in taking no more remedial action at the time than they requested.

■ Another assignment of appellants is as follows: "The court erred in refusing to permit plaintiffs' witness, Dr. Luebbert, to use the records of Faith Hospital to form the basis for his expert testimony." Certain medical records from Faith Hospital pertaining to an operation performed on George Krudwig were admitted into evidence. Dr. Luebbert did not perform the operation, but when on the witness stand he was shown the records and was asked "to explain to us in layman's language as much as possible just what was done in that operation." An objection was made on the ground that the doctor was not present when the operation was performed, that the records "speak for themselves," and that the witness should not inject his idea as to what happened. Later counsel for appellants read "the record of the operation" to the jury, and he then asked Dr. Luebbert to "explain to us in plain, simple language so that we as laymen can understand what was described in that hospital record." An objection was made "to this witness attempting to testify as to what happened on the operation that is described in the hos-

pital record" because he had no personal knowledge. Both objections were sustained.

This assignment of error also pertains to the issue of damages, an issue never reached by the jury. Appellants rely on Harris v. Goggins, Mo., 374 S.W.2d 6. It was there held that a doctor could consider hospital records which had been admitted into evidence "as a basis for opinion testimony" over the objection that the records were hearsay. This case does not support appellants' position in this case. Dr. Luebbert was not asked to refer to the records as a basis in whole or part for an expert opinion. Appellants have not demonstrated that the ruling of the trial court was erroneous, or if it was, that it was prejudicial in view of the verdict for defendant. While we have found no case precisely on this issue, we are of the opinion that the rulings were correct.

Appellants next charge that error resulted when the trial court permitted respondent's counsel, on cross-examination "to interrogate plaintiff and his witnesses concerning an alleged reception at the Applegate home, and to imply, through adroit questions, that plaintiff and his witnesses had imbibed alcoholic beverages, although there was no actual evidence to that effect, and there was no means by which the court could thereafter eradicate the false and unfounded insinuation thus spread before the jury."

On direct examination George Krudwig testified that on the evening of the collision he went from his home to the service station to get gasoline and arrived there about 9:30 o'clock. On cross-examination it was developed that on the evening of the collision George had ridden his motorcycle to the home of a friend, had then ridden in his friend's automobile to a bowling alley and to a "Steak'n Shake," and then to Mr. Applegate's house where there were about ten people including some girls. When asked if "anyone was drinking anything," he answered "Yes, sir," but he said

it was not beer or liquor. After staying there about a half hour, he and his friend went to the service station, where the collision later occurred, for about five or ten minutes, and he then went home and changed clothes. He then rode his motorcycle back to the service station to get gasoline for his motorcycle, and he intended to go from there back to the Applegate house. The only objection to the cross-examination which resulted in the above information was that it was immaterial, except one objection that a question was argumentative which was sustained.

■ Counsel for appellants asked George Krudwig on direct examination what time he arrived at the service station to get gasoline, and then asked this: "Where had you started your trip, from your home?" To this question George answered, "Yes, sir." On cross-examination, respondent was entitled to develop that his activities of that evening had not started with the trip from home to the service station, and he was entitled to inquire fully into those activities. The record does not support the sweeping accusations contained in appellants' point. We find nothing to which objection was made and overruled which was not properly in the scope of cross-examination in view of the testimony on direct.

■ Appellants challenge Instruction 3, a contributory negligence instruction based on excessive speed because it is "confusing and misleading," it fails to hypothesize "attending circumstances of the facts," and it fails to hypothesize "which of the three versions as to the speed of the motorcycle, defendant relied on for a favorable verdict." The basis for the contention that the instruction is "confusing and misleading," and the essential attending circumstances contended to have been omitted are not set out in the point in appellants' brief. It is true that there was a divergence in the testimony as to the speed of the motorcycle at the time of the collision, and the submission in Instruction 3 was that George Krudwig "op-

erated his motorcycle on the paved surface of the service station referred to in evidence, at a rate of speed which was excessive and dangerous under the circumstances then and there existing." Appellants rely on the rule announced in Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496, where it was stated: "Where the evidence presents two or more divergent sets of essential facts, under one or more of which plaintiff would be entitled to recover and under one or more of which he would not, then a verdict-directing instruction or instructions given in his behalf should hypothesize, either by recital or by reference to other instructions, the facts essential in law to support the verdict. In like manner, verdict-directing instructions in behalf of the defendant should recite on their face or by reference to other instructions any essential fact or facts shown or not shown which will defeat plaintiff's right of recovery." Appellants do not claim that a jury would not be authorized, as a matter of law, to find negligence on the part of George Krudwig based upon any of the speeds of the motorcycle shown in evidence. Yet the above rule from Hooper v. Conrad applies only when a divergent set of facts would not, as a matter of law, permit a plaintiff to recover, or in case of a defendant's instruction, would not defeat plaintiff's right. An instruction with substantially the language used in Instruction 3 was approved in Anderson v. Duckworth, Mo., 383 S.W.2d 726, and also in Russell v. Kotsch, Mo., 336 S.W.2d 405. There are very few situations where every witness agrees on the speed of a vehicle, yet this alone does not require the preciseness that appellants urge. The degree of divergence as to speed becomes important when a jury could not as a matter of law conclude that a speed shown by the evidence was negligent under the circumstances then and there existing, and appellants do not contend this to exist in this case, and we do not so conclude.

The substance of appellants' complaint is that Instruction 3 abstractly submits excessive speed as contributory negligence. If this judgment should be reversed because of this, then upon retrial the cause would be submitted to the jury pursuant to the new procedure pertaining to instructions, and the submission of excessive speed would be far more abstract than in Instruction 3. See MAI § 2801.

Appellants also challenge cautionary Instructions 6 and 7. Instruction 6 is the usual instruction advising the jury that negligence is not presumed, and that the jury is not permitted to base its verdict entirely upon mere surmise, guesswork and speculation. The precise language used in Instruction 6 has been expressly approved in West v. St. Louis Public Service Co., Mo., 236 S.W.2d 308, and appellants make no effort to distinguish that case or to demonstrate why it is wrong. They argue that it is confusing because it refers to "the reasonable inference deducible" from the evidence. Apparently they contend that it should refer to inferences in the plural. This is totally without merit. No reasonable jury could have been confused or misled.

Instruction 7 told the jury that it should first decide the issue of liability, and until that issue was determined favorably to appellants, it should not consider the amount of appellants' damages. Appellants argue that this instruction was an attempt "to order the sequence of the jurors' thought processes." If so, it was a correct and proper order about which appellants cannot complain. The identical instruction was approved in Hogan v. American Transport, Mo., 277 S.W.2d 495.

We find no error prejudicial to appellants, and the judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.