Sam A. SALAMY, Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurance company of Bloomington, Illinois, Respondent.

No. 43440.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1982.

Steven T. Biesanz, Clayton, for appellant.
John Doyen, Clayton, for respondent.

CRIST, Judge.

Sam A. Salamy brought suit against State Farm Fire and Casualty Company (State Farm) for payment under insurance policies for losses suffered by Salamy as a result of a fire at his residence, the structure insured under the policies. The jury found in favor of State Farm and Salamy appealed. We affirm.

Salamy's first point on appeal is that the trial court erred in failing to include the second paragraph of MAI 32.24 in Instruction No. 9. MAI 32.24 is an affirmative defense instruction which directs the jury to find for defendant if it finds the plaintiff to have violated a policy condition. The omitted portion reads "Second, defendant was thereby prejudiced." Salamy did not object to this instruction at trial, but set forth the following general allegation in his motion for new trial:

> The Court erred in accepting defendant's instruction no. 7 [sic] in that said instruction is not a proper instruction and prejudiced the plaintiff herein.

If a specific objection to Instruction No. 9 had been entered during the trial, the above general assertion would have been adequate to preserve the point for appellate review. However, since no specific objection was made at trial, the motion for new trial was required to include Salamy's specific objection to the instruction. *Skelton v. General Candy Co.*, 539 S.W.2d 605, 610 (Mo.App. 1976). The claim in the motion for new trial being general rather than specific, the point is not preserved for our review. Rule 78.07.

Salamy further contends the trial court erred in overruling his motions for mistrial

and a new trial on the ground the jury was improperly informed of a separate fire claim involving Salamy. State Farm claims that this point too should be disposed of procedurally as Salamy's Statement of Facts is in violation of Rule 84.04(c) in that it is wholly void of reference to facts relative to this point.

Although Salamy's Statement of Facts is defective in that it fails to mention the separate fire claim and the incidents surrounding it at trial, the brief as a whole is minimally adequate because there is extensive discussion of this subject area in the argument portion. We detect no prejudice to State Farm as a consequence of the stated deficiency, nor is Salamy's position on the issue ambiguous. We therefore move on to the merits of the point. *Cheatham v. Melton,* 593 S.W.2d 900, 903 (Mo. App.1980).

During voir dire, Salamy's counsel asked for a protective order to limit the scope of questioning by State Farm's counsel about the other fire claim and the investigator on that claim, one Gary Merckel. The trial court denied the protective order as being premature. Immediately thereafter, State Farm's counsel proceeded to raise the second fire claim issue:

> Mr. Doyen: That objection being overruled, I want to ask you if any—will you stand up, Mr. Merckel?—if any of you know Gary Merckel? *I'm going to limit right now what I'm going to say about him because I don't want to raise another objection. But Gary Merckel is a special investigator for CNA insurance group. And I've had him subpoenaed here in connection with another claim involving the Salamy family.* (Emphasis added.)

Salamy's counsel asked for a mistrial. The court refused to grant a mistrial but reprimanded State Farm's counsel on the subject and directed him not to raise the subject again before the jury. A mistrial is the most extreme remedy for trial errors and should be granted only when the resultant prejudice cannot be excised in any other way. The grant or denial of a mistrial is a subject substantially within the discretion of the trial court. *Lewis v. Hubert,* 532 S.W.2d 860, 866 (Mo.App.1975).

The circumstances surrounding the ruling by the trial court on counsel's conduct during voir dire do not evince a clear abuse of that discretion. The corrective actions taken by the trial court here were sufficient to nullify any conceivable prejudicial effect on the jury. *Missey v. Kwan,* 595 S.W.2d 460, 462 (Mo.App.1980).

During cross-examination of Salamy, State Farm's counsel asked "[a]re you making a claim with your brother right now—?" An objection thereto was sustained. Salamy's counsel requested no other relief.

We decline to find error in the trial court's failure to declare an unrequested mistrial. *Chrisler v. Holiday Valley, Inc.,* 580 S.W.2d 309, 314 (Mo.App.1979).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.