**Richard VERMILLION, Plaintiff–Respondent,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Defendant–Appellant.**

**No. 59066.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 20, 1991.

William Allen Brasher, Eric Kendall Banks, and Richard Daly, St. Louis, for defendant-appellant.

Edward L. Dowd Jr., Morris B. Chapman, and Clarence Harrison, St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

Defendant Burlington Northern Railroad Company appeals from a verdict and judgment against it in the amount of $785,000 in favor of plaintiff Richard Vermillion who was injured while performing his duties as a conductor of one of defendant's trains. Plaintiff had been seated at a desk in the caboose of the train when the caboose suddenly derailed and came to a sudden stop from its previous speed of forty-five miles per hour causing plaintiff to be thrown violently to the floor. He suffered severe injuries to his arm, shoulder, and back which resulted in his being hospitalized twice and undergoing one surgical procedure. He was thereafter unable to resume his employment with the defendant for any extended period of time and was unsuccessful in his efforts to find other employment.

Plaintiff initiated this action under the provisions of the Federal Employers Liability Act, 45 U.S.C.A. 51, et seq. At the outset of the trial, defendant withdrew its defense of comparative fault and admitted liability. Therefore, the only issue that went to the jury was that of damages. During the course of the trial, plaintiff presented an expert witness on the subject of economics who testified that, on the basis of plaintiff's pre-injury earning ability, he had lost $84,040 up to the time of trial and that the loss to the time of retirement would be $911,000, for a total present cash value of $995,150 in losses.

Defendant's attack on the judgment is focused on the trial court's refusal to declare a mistrial or to strike all of plaintiff's testimony relating to damages on the failure of the plaintiff to update the information he had given in pre-trial discovery so as to make it coincide with his trial testimony.

Defendant had submitted interrogatories to plaintiff, inquiring whether he had contacted any employment service, state, local or federal government rehabilitation services, or sought vocational assessment or training. Plaintiff answered, "No, plaintiff is employed with the defendant, Burlington Northern Railway Company." In addition, defendant asked for a list of persons and places respondent had contacted in his ef-

fort to gain employment. Plaintiff replied, "None, plaintiff is still employed with the defendant."

On direct examination at trial, plaintiff said that he had met with a rehabilitation expert from the Illinois Department of Public Health. He testified further that he had been to a State employment agency. Finally, as plaintiff was about to reveal the particular individuals and places he had contacted in his effort to obtain work, defendant's counsel objected, arguing, "... [t]his witness has answered under oath that he has not sought any rehabilitation, and this is an effort to impeach his own prior answers given under oath." The court overruled the objection, stating that defendant could cross-examine the witness on his prior answers. Plaintiff then proceeded to testify as to where he had been and what he was told about his employment opportunities.

At the conclusion of plaintiff's testimony on direct examination, defendant's counsel approached the bench and moved for a mistrial on the grounds that plaintiff had failed to update the answers to his interrogatories. Defendant's counsel contended that the testimony with regard to rehabilitation services and the search for other employment was contrary to plaintiff's interrogatory answers, and, thus, should be excluded from evidence. The trial judge denied defendant's motion for a mistrial, but said he might entertain a motion to strike the testimony, insofar as it related to the rehabilitation or employment opportunities plaintiff had previously sought. Accordingly, defendant moved that the testimony be stricken. The trial judge indicated that he did not wish to rule on the motion to strike until he could examine the answers to the interrogatories and suggested that defendant's counsel raise the matter during the lunch recess so this could be accomplished.

After this exchange, defense counsel cross-examined the plaintiff using the fact that plaintiff had looked for a job to establish that plaintiff intended to work again, in the future. Defendant also utilized this information in its cross-examination of plaintiff's rehabilitation expert, obtaining his opinion as to the type of work plaintiff could perform.

Defendant's cross-examination of the rehabilitation expert took place after the lunch and afternoon recesses. Counsel at no time mentioned the pending motion to strike at either of these breaks. Finally, the next morning, just before the case went to the jury, defense counsel inquired about the outstanding motion to strike. The judge replied:

I thought about this yesterday. I frankly thought that I indicated that we would deal with that at the recess, and since you didn't raise it, I thought perhaps you were going to deal with it on cross-examination of the plaintiff himself, once we returned from lunch. But you didn't have any further questions. After you did examine that rehabilitation expert and asked him about those jobs, it paints a little bit different picture, particularly at this time.

The judge indicated that there had been a waiver, and decisively said, "... I'm not going to grant a mistrial or grant the Motion to Strike or any other remedy that you request." Thereafter, the jury returned a verdict for the plaintiff in the amount of $785,000.

■ Defendant contends that the trial court erred by not granting a mistrial or by not ordering all of plaintiff's testimony stricken as a result of his failure to supplement discovery. We will first address defendant's motion to strike, the dispositive question being whether the defendant had abandoned the motion.

■ A motion may be waived or abandoned by failing to proceed with respect to it, or by continuing before the determination of the motion in a manner which is not consistent with the object of the motion. The previously detailed facts reveal that the defendant did not act in a manner consistent with its outstanding motion to

**950**

strike. After the court indicated it would consider the motion at the luncheon break, defendant failed, at that time, to raise the point and ask for the court's ruling. The defendant proceeded, instead, as if no motion to strike had ever been made. It used the objectionable evidence to its advantage, implying that since the plaintiff was willing and able to work, his damage award should be decreased. The defendant did not raise its motion to strike again, until the case was set to go before the jury. Clearly, defendant's conduct at trial could be construed as a waiver or abandonment of its motion to strike.

The rationale we apply here to ascertain whether the appellant waived or abandoned its motion to strike, has long been used to determine the waiver of an objection. In *Alvey v. Sears, Roebuck and Company,* 360 S.W.2d 231, 234 (Mo.1962), the Court stated that an objection to the admission of evidence is waived where the same or similar evidence has been elicited or introduced by the objector. Thus, a party cannot object to the admission of certain evidence and then use the same evidence to its advantage. Applying this reasoning to the case at hand, it follows that a party cannot move to strike certain testimony, and then use that testimony to its benefit, while the court considers its motion. In either case, counsel's inconsistent actions indicate a change in his position with regard to the questionable evidence. Therefore, counsel's earlier motion or objection may be deemed waived or abandoned. Accordingly, we find that the defendant waived its pending motion to strike.

 Defendant also argues that the trial court erroneously overruled its motion for a mistrial. The declaration of a mistrial is an extreme remedy for trial errors and should be granted only when the resulting prejudice cannot be otherwise alleviated. *Vaughn v. Michelin Tire Corp.,* 756 S.W.2d 548, 561 (Mo.App.1988). In addition, evidence which is beneficial to the complaining party is not prejudicial and its admission does not warrant a reversal of

the judgment. *Wilcox v. St. Louis–Southwestern Railroad Company,* 418 S.W.2d 15, 20 (Mo.1967). The defendant cannot claim it was prejudiced in this instance since it used the tainted evidence to its benefit at trial. Thus, the trial court properly denied defendant's motion for a mistrial.

For the reasons set forth above, we affirm the trial court's judgment.

REINHARD, P.J., and AHRENS, J., concur.