Douglas C. McMILLIN and Rhonda C. McMillin, Appellants,

v.

UNION ELECTRIC COMPANY, Respondent.

No. WD 44222.

Missouri Court of Appeals, Western District.

Dec. 24, 1991.

Richard Paul Beard, Sedalia, for appellants.

J. Christopher Spangler, Sedalia, for respondent.

Before SHANGLER, P.J., and BERREY and HANNA, JJ.

HANNA, Judge.

A jury trial resulted in a verdict in favor of the defendant finding the plaintiff 100% at fault. Plaintiffs appeal claiming the court erred by allowing defense counsel to inject insurance into the case during his voir dire questioning about the worker's compensation claims of the panel and in not granting a mistrial after defendant's counsel stated during his closing argument that the real defendant in the case was defendant's employee, thereby inferring that Union Electric was not the defendant. We affirm.

Union Electric's employee, Russell Barbour, drove a truck into the Tipton Correc-

tional Facility. Plaintiff, Douglas McMillin, was an employee of the prison and opened the gates for the truck. Apparently plaintiff saw the rear wheels and back part of the truck bed go past him, looked down to make sure the slide bar on the gate came off the ground and stepped out into the driveway. He started to raise his head as he started to walk and was struck in the face by the bucket which was at the end of a boom on Union Electric's electric line truck.

■ The plaintiffs' first point claims the court erred when it allowed insurance to be injected during voir dire when defense counsel asked the venire whether they had ever filed a worker's compensation claim. The matter arose when one venireperson volunteered that her husband had an accident very similar to the plaintiff's. While working on the job the venireperson's husband was hit by a backhoe and was treated by the doctor, who coincidentally had treated plaintiff, and was to testify at trial. Defense counsel asked whether her husband had filed a lawsuit and learned that he was thinking of filing one. She was then asked if he had filed a worker's compensation claim and the venireperson responded that he had. The questioning continued about the doctor and other matters. The full panel was then asked:

> Mr. Spangler: Now, is there anyone else that's ever made a claim for any personal injuries from an accident other than Mrs. Schmidt's husband? Mrs. Volkart, you had a claim, I think. Was there anyone else?

> Unidentified: You're not talking about worker's comp, are you?

> Mr. Spangler: Well, let's start with that. Everybody understands, I think, what worker's compensation is. When you get hurt on the job, then you get—you get paid for your medical bills and your expenses like that. Has anybody—

At this point the plaintiffs' attorney made the objection that this question injected insurance into the case.

Out of the jury's hearing the court cautioned defendant's attorney. It was agreed that counsel would ask only one question on worker's compensation claims of the whole panel and that there would not be any follow-up questions. The question was asked and four responded in the affirmative and that concluded the inquiry on worker's compensation claims.

It is the plaintiffs' position that if defendant injected the insurance issue purposefully and in bad faith, then reversible error is committed.

The appellate court's review acknowledges that the nature and extent of voir dire examination is primarily a matter of the trial court's discretion, which includes control of specific questions, and it will not be disturbed on appeal absent a manifest abuse of discretion. *Robnett v. St. Louis Univ. Hosp.*, 777 S.W.2d 953, 956 (Mo.App. 1989). Although it is claimed that the question injected insurance, nowhere in the questioning process was insurance mentioned. The question was clearly directed to claims made. We must speculate that it is the plaintiffs' position that the panel would infer that since there was a question about worker's compensation claims that insurance was involved. Such an inference does not necessarily follow. The question was asked in the context of all types of personal injury claims.

■ It is proper for the attorneys to inquire of the panel seeking information that will enable them to intelligently make peremptory challenges. *Webb v. Missouri–Kansas–Texas R. Co.*, 342 Mo. 394, 116 S.W.2d 27 (1937) is on point. In answer to questions of the prospective jurors, five responded that they had claims or suits for damages for personal injuries. One individual was receiving compensation on a claim for injuries. The court held: "The attorneys are entitled to ask such questions for their own information so as to enable them to intelligently make their peremptory challenges, or to develop further information which might lead to a challenge for cause." *Id.*, 116 S.W.2d at 29.

There is no indication here that the question was designed to inject insurance into the case or that it was asked in bad faith.

The trial court was in a position to evaluate the question, its effect on the panel members and to take corrective action, if any was necessary. Here the court cautioned counsel once the objection was made and only one other question was asked on the subject with no follow-up questions. Only on one occasion was an objection made and the court did not abuse its discretion in ruling it. The point is denied.

Plaintiffs next complaint that the jury was prejudiced by the defendant's closing argument that Union Electric was not really the defendant. When telling the jury how to complete the verdict form by writing in that plaintiff was 100% at fault, counsel argued: "... where you put in the fault, if you all just write '100 percent'; '0' up here for Russ Barbour. It says 'Union Electric,' but it's Russ Barbour that's on trial. Put 100% in there for Douglas McMillin." The plaintiffs' counsel objected and the court agreed that the argument was improper. The objection was sustained. At a conference at the bench, the court asked counsel what relief he might suggest and receiving no response, suggested an oral instruction to the jury. The court also stated that the proposed instruction should cure the problem. Plaintiffs made no other suggestions and requested no further relief of the court. The matter returned to open court and the judge instructed the jury: "Ladies and gentlemen, you will rely on the instructions for the statement of law in this matter. That is including the parties in this matter, who are the McMillins v. Union Electric. Counsel may proceed."

Plaintiffs argue that the only corrective measure to remedy the problem was a mistrial. However, a request for a mistrial based on improper closing argument comes too late where it is not requested at the time the objection is made. *See Hammons v. Eisert,* 745 S.W.2d 253, 259 (Mo.App.1988), where request for a mistrial was not made until appellant's motion for a new trial. The request is waived if it is not made at the time of the improper statements or by proceeding with the trial in a manner inconsistent with the object of the request. *See Vermillion v. Burlington Northern R.R. Co.,* 813 S.W.2d 947, 949 (Mo.App.1991), where defendant made motion for a mistrial and to strike a portion of a witness' testimony but then continued his cross-examination of the witness before a determination had been made on his requests.

The rationale here is the same as where a party fails to make a timely objection to statements made by counsel or witnesses. A party cannot object to the admission of certain evidence or argument, purposely delay making a request for further relief and then use the evidence to its advantage. Nor can a party wait to evaluate the impact of the evidence on the jury or delay for any other strategic reason, without giving a clear intention to waive or abandon the request. If the objection is not made at the time of the incident giving rise to the objection, the objection may be deemed to be waived or abandoned. *Id.* at 950. Similarly, failure to make a timely request for further relief when an objection has been sustained may be deemed a waiver or abandonment of further remedial relief. *See Clark v. Skaggs Cos., Inc.,* 724 S.W.2d 545, 553 (Mo.App.1986).

The request here for a mistrial was not made until the end of defendant's closing argument. The motion was denied. The bench conference which took place when the objection was made was extended and did not appear rushed. There was sufficient opportunity for the attorney to have made his request at the bench at that time. His failure to request a mistrial at the time of his objection may be deemed a waiver or abandonment of that remedy.

Furthermore, the determination of the prejudicial effect of closing argument lies in the sound discretion of the trial court and that discretion will not be disturbed absent an abuse of discretion. *Hart v. Forbes,* 633 S.W.2d 90, 92 (Mo.App. 1982), *Pfeffer v. Kerr,* 693 S.W.2d 296, 305 (Mo.App.1985). What sanction is appropriate to remedy errors made in closing argument also lies very largely within the judgment of the trial court. *Blevins v. Cushman Motors,* 551 S.W.2d 602, 615 (Mo.

banc 1977). The decision to grant a mistrial lies in the sound discretion of the trial court and absent a manifest abuse of discretion an appellate court will not interfere with the trial court's decision. *Pierce v. Platte–Clay Elec. Coop., Inc.,* 769 S.W.2d 769, 778 (Mo. banc 1989).

The trial judge was in the best position to observe what effect, if any, the argument had on the jury. The judge commented that he didn't think the argument caused "... much of a stir amongst the jury ..." and that his instruction "... did attempt to and I think, did cure ..." the problem without highlighting it. The ruling was not an abuse of the trial court's discretion. *See Vaeth v. Gegg,* 486 S.W.2d 625, 629 (Mo.1972), where the court considered the effect of a question asked during voir dire and determined that the question appeared to have no influence on the jury panel. Plaintiffs' objection and the trial court's appropriate instruction prevented any prejudice to plaintiff. *See Pierce,* 769 S.W.2d at 779 (Mo. banc 1989); and *Salamy v. State Farm Fire & Casualty Co.,* 629 S.W.2d 653, 655 (Mo.App.1982). Plaintiff made an objection and the trial court sustained it. The relief plaintiff asked for, he got. *See Krudwig v. Fowler,* 394 S.W.2d 290 (Mo.1965) and *Stuart v. State Farm Mutual Auto Ins. Co.,* 699 S.W.2d 450, 457 (Mo.App.1985).

Judgment affirmed.

All concur.